PILLSBURY WINTHROP SHAW PITTMAN LLP
Joseph D. Jean
Alexander D. Hardiman
Janine M. Stanisz
1540 Broadway
New York, NY 10036-4039
212.858.1000
joseph.jean@pillsburylaw.com
alexander.hardiman@pillsburylaw.com
janine.stanisz@pillsburylaw.com

*Attorneys for Plaintiff JULIO ROCHA*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO ROCHA,<br><br>                Plaintiff,<br><br>    v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; AXIS SPECIALTY EUROPE SE,<br><br>                Defendants. | Civil Action No.:  **16-cv-2327**<br><br>**COMPLAINT** |

Plaintiff Julio Rocha ("Mr. Rocha") files this Complaint against Defendants' Certain Underwriters at Lloyd's, London, and AXIS Specialty Europe SE (collectively "Underwriters"), and, on information and belief, alleges the following:

### NATURE OF THE CASE

1.    This is an insurance coverage action for declaratory judgment and breach of contract arising out of Underwriters' refusal to honor their promise under a directors and officers liability insurance policy to pay for the defense and investigation costs being incurred by

1

Mr. Rocha in connection with an indictment issued by the Grand Jury for the Eastern District of New York (the "Indictment"), a related request by the United States Government to the Swiss authorities to extradite Mr. Rocha to the United States ("Extradition Request"), and a Victim Statement and Request for Restitution filed by the Federation Internationale de Football Association ("FIFA") in connection with the Indictment ("FIFA Complaint").

2. The Indictment, Extradition Request, and FIFA Complaint allege that Mr. Rocha committed wrongful acts in his official capacity at FIFA.

3. Underwriters sold FIFA a directors and officers' liability insurance policy ("D&O Policy") which provides coverage for Mr. Rocha and other individuals associated with FIFA for claims alleging wrongful acts, including coverage for the costs incurred in defending criminal actions, investigations and extradition proceedings.

4. Mr. Rocha has strongly denied all allegations in the Indictment and is vigorously defending the action.

5. As a result of Underwriters' failure to honor their commitment to provide coverage to Mr. Rocha in connection with the Indictment, Extradition Request, and FIFA Complaint, Mr. Rocha is forced to bring this action for declaratory relief and breach of contract.

**THE PARTIES**

6. Plaintiff Julio Rocha is a citizen of Nicaragua and from in or about January 2013 was the FIFA officer responsible for overseeing FIFA's development efforts in Central America.

7. Upon information and belief, Certain Underwriters at Lloyd's, London, Syndicates 2987, 1919, 1886 and 1686, and Certain Lloyd's Underwriters per Lloyd's Consortium 9860, are insurers subscribing to the D&O Policy and are domiciled in London, England. Upon information and belief, these insurers, at all material times, have conducted

2

substantial business within the State of New York, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders or activities located in New York.

8. AXIS Specialty Europe SE is an insurer subscribing to the D&O Policy. Upon information and belief, AXIS is domiciled in Ireland. Upon information and belief, AXIS, at all material times, has conducted substantial business within the State of New York, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders or activities located in New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 in so far as there is complete diversity of citizenship between Mr. Rocha and Underwriters and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has ancillary jurisdiction over this action as a result of the Indictment, as this Court ruled in a similar litigation filed by a co-defendant of Mr. Rocha's under the same Indictment against Underwriters seeking coverage under the same D&O Policy in connection with the Indictment, Eduardo Li v. Certain Underwriters at Lloyd's, London, et al., Case No. 15-CV-06099 (RJD), United States District Court for the Eastern District of New York (the "Li Litigation"), ECF No. 34.

10. This Court has personal jurisdiction over Underwriters because they sell or write insurance in New York and, at all material times, have conducted substantial insurance business in the State of New York, including engaging in the business of selling insurance that covers policyholders and activities located in New York. This Court has exercised jurisdiction over Underwriters in the Li Litigation.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Underwriters are subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to Mr. Rocha's claims occurred in this District, including the issuance of the Indictment by a grand jury seated in the Eastern District of New York.

## THE UNDERLYING INDICTMENT

12. FIFA is the governing body and overseer of international soccer competitions between national soccer associations and is responsible for the organization of soccer's major international tournaments, including the FIFA World Cup.

13. On May 20, 2015, a federal grand jury in the Eastern District of New York returned a forty-seven count indictment against fourteen individual defendants, including Mr. Rocha, alleging various crimes, affecting and occurring, in part, in the United States and allegedly committed by individuals employed by or associated with FIFA.

14. The Indictment alleges six separate counts against Mr. Rocha, and asserts that, in his capacity at FIFA, Mr. Rocha allegedly used his positions within the organization to obtain bribes and kickbacks in connection with the sale of commercial rights to FIFA World Cup qualifying matches. In particular, the Indictment charges Mr. Rocha with conspiracy to commit wire fraud and wire fraud in violation of Title 18, United States Code, Sections 1343, 1343, 1349, and 3551 et seq and conspiracy to commit money laundering and money laundering in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(2)(A) and 3551 et seq. The Indictment also charges Mr. Rocha with violation of Title IX of the Organized Crime Control Act of 1970 ("RICO").

15. Based on these charges, a warrant was issued for Mr. Rocha's arrest on May 21, 2015 in King's County, New York. On May 21, 2015, the United States Department of Justice and the United States Attorney's Office for the Eastern District of New York submitted a

request for Mr. Rocha's provisional arrest to the Swiss Federal Office of Justice. On July 1, 2015, the United States Department of Justice and the United States Attorney's Office for the Eastern District of New York submitted the request for Extradition to the Swiss Federal Office of Justice.

16. On March 15, 2016, FIFA filed the FIFA Complaint – a Victim Statement and Request for Restitution – in this Court in connection with the Indictment. The FIFA Complaint seeks monetary damages from the Indictment defendants, including Mr. Rocha, as a result of the defendants' alleged acts.

**THE D&O POLICY**

17. Underwriters sold FIFA the D&O Policy for the period December 30, 2014 to December 30, 2015 with policy limits of $50,000,000.

18. The D&O Policy provides coverage to individuals associated with FIFA, including but not limited to present, former and future FIFA presidents, vice-presidents, members of FIFA's executive committee, management bodies, supervisory boards, members of FIFA standing committees, and employees ("Insured Persons").

19. The D&O Policy provides coverage for the costs incurred by an Insured Person in connection with the defense of any action, including criminal defense costs, investigation costs, and extradition costs, arising out of a claim that an Insured Person allegedly committed a wrongful act while acting in a managerial or supervisory capacity for FIFA, or a claim naming the Insured Person as a co-defendant with a President, Vice-President or Member of FIFA.

20. Mr. Rocha is an Insured Person under the D&O Policy in his capacity as a FIFA officer, employee and/or member of FIFA management or supervisory bodies.

## UNDERWRITERS' REFUSAL TO PROVIDE COVERAGE

21. On November 24, 2015, Mr. Rocha requested from Underwriters reimbursement and advancement of defense costs in connection with the Indictment and Extradition Request.

22. In response, on December 16, 2015, Underwriters reserved rights under the D&O Policy and requested certain information.

23. On March 30, 2016, Mr. Rocha notified Underwriters of the then-recently filed FIFA Complaint, provided the information requested by Underwriters, and reiterated his request for reimbursement and advancement of defense costs.

24. Underwriters have refused to provide coverage to Mr. Rocha, despite Mr. Rocha's demands.

25. Mr. Rocha timely submitted a claim for coverage under the D&O Policy in connection with the Indictment, Extradition Request, and FIFA Complaint, including a request for payment of his ongoing defense and investigation costs.

26. Mr. Rocha has satisfied all obligations and performed all conditions precedent to recover insurance proceeds under the D&O Policy. No defenses to coverage apply under the D&O Policy, or such defenses are the subject of waiver and/or an estoppel.

## THE COURT'S APRIL 27, 2016 RULING IN LI V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL.

27. Eduardo Li, another individual against whom charges have been brought in the Indictment, filed suit in this Court seeking coverage under the same D&O Policy in connection with the same Indictment, <u>Eduardo Li v. Certain Underwriters at Lloyd's, London, et al.</u>, Case No. 15-CV-06099 (RJD).

28. On April 27, 2016, the Honorable Raymond J. Dearie of this Court denied the Underwriters' motion to dismiss and granted Mr. Li's motion for a preliminary injunction

requiring the Underwriters to "immediately reimburse and advance to Li his legal costs incurred in connection with his indictment, extradition, and defense in United States v. Webb, 15-CR-252." ECF No. 34 at 23.  The Court emphasized that the "Policy provides broad coverage to an insured for defense, investigation, and extradition costs," and that "Li has made a clear showing that the Insurers are required to pay the legal costs of his defense, investigation, and extradition." Id. at 19-20.  The Court further ruled that it "is equally clear that the Insurers have an obligation to pay Li's legal costs at the time they are incurred and on an ongoing basis." Id. at 20.  The Court also reasoned that Mr. Li "pointed to expansive language entitling him to coverage under the Policy," while the Insurers "ask[ed] the court to interpret certain ambiguous provisions of the Policy as setting forth qualifications and limitations—interpretations that the Court finds to be strained and unconvincing." Id. at 21.  Finally, the Court recognized that the balance of hardships supported a finding of coverage, reasoning that "If no injunction is issued, Li will never receive the benefit of his bargain, likely be deprived of his chosen counsel at this critical time, and sustain a conviction he might otherwise have avoided, while the Insurers, in any event, are relieved of their obligation to advance funds pending a final resolution.  If, on the other hand, an injunction is issued, the Insurers face only monetary loss which may be recouped as provided in the Policy." Id. at 23.  On this point, the Court also reasoned that "[b]ecause the Insurers have refused to advance any defense costs to Li as he has incurred them, and prior to his trial, Li faces an actual and imminent injury and has established irreparable harm." Id. at 19.

        29.     Mr. Rocha is similarly situated as Mr. Li and his entitlement under the D&O Policy to reimbursement and advancement of defense costs incurred in connection with the Indictment, Extradition Request, and FIFA Complaint is established by the Court's ruling in Li.

        30.     On April 28, 2016, in light of the Court's ruling in Li, Mr. Rocha reiterated his request to Underwriters for reimbursement and advancement of defense costs in

connection with the Indictment, Extradition Request, and FIFA Complaint. Underwriters have continued to refuse to comply with their contractual obligation to provide coverage.

## FIRST CAUSE OF ACTION

### (DECLARATORY RELIEF FOR DEFENSE AND INVESTIGATIVE COSTS)

31. Mr. Rocha repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. Mr. Rocha has incurred and will continue to incur substantial costs and expenses in the defense and investigation of the Indictment, Extradition Request, and FIFA Complaint.

33. Underwriters have failed to honor their obligation under the D&O Policy to provide coverage for the Indictment, Extradition Request, and FIFA Complaint, including the obligation to pay all costs incurred by Mr. Rocha in the defense and investigation of the Indictment, Extradition Request, and FIFA Complaint.

34. By reason of the foregoing, an actual and justiciable controversy exists between Mr. Rocha and Underwriters regarding Underwriters' obligation to pay the defense and investigation costs incurred by Mr. Rocha in connection with the Indictment, Extradition Request, and FIFA Complaint.

35. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment. The issuance of declaratory relief and subsequent compliance by Underwriters will be sufficient to resolve the existing controversy between Mr. Rocha and Underwriters in this cause of action.

36. Accordingly, pursuant to 28 U.S.C. § 2201, Mr. Rocha seeks a declaratory judgment that Underwriters are obligated under the D&O Policy and applicable law to pay all

defense and investigative costs Mr. Rocha has incurred or will incur in connection with the Indictment, Extradition Request, and FIFA Complaint.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT)

37. Mr. Rocha repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

38. The D&O Policy constitutes a valid contract between Mr. Rocha and Underwriters.

39. Mr. Rocha has met every condition precedent, satisfied every obligation and all premiums due under the D&O Policy have been paid, and thus, Mr. Rocha is rightfully entitled to the benefits of the D&O Policy sold by Underwriters.

40. Under the D&O Policy, Underwriters are obligated to pay for all defense and investigation costs incurred by Mr. Rocha in connection with the Indictment, the Extradition Request, and the FIFA Complaint.

41. Underwriters have breached their obligations under the D&O Policy by refusing to provide coverage for the Indictment, Extradition Request, and FIFA Complaint, and failing to satisfy their obligation to pay Mr. Rocha's defense and investigative costs.

42. As a result of their breach, Underwriters are liable to Mr. Rocha for monetary damages in an amount to be determined at trial, including, but not limited to, Mr. Rocha's defense and investigation costs incurred in connection with the Indictment, Extradition Request, and FIFA Complaint, together with the costs and disbursements incurred by Mr. Rocha in this action, including, but not limited to, attorneys' fees and costs.

## JURY DEMAND

Mr. Rocha demands a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Rocha demands judgment against Underwriters as set forth below:

a. On the First Cause of Action, a declaration by this Court in favor of Mr. Rocha that pursuant to the terms of the D&O Policy Underwriters are obligated to pay all costs Mr. Rocha has incurred or will incur in connection with the investigation and defense of the Indictment, Extradition Request, and FIFA Complaint;

b. On the Second Cause of Action, a determination by this Court in favor of Mr. Rocha awarding money damages, including but not limited to, consequential damages, in an amount to be determined at trial;

c. With respect to all Causes of Action an award of attorneys' fees and costs to Mr. Rocha and an award of pre-judgment and post-judgment interest, as provided by law; and

d. Such other relief as the Court may deem just and proper.

Dated: May 9, 2016                    Respectfully submitted,

                                      PILLSBURY WINTHROP SHAW PITTMAN LLP


                                      By:/s/ Joseph D. Jean
                                          Joseph D. Jean
                                          Alexander D. Hardiman
                                          Janine M. Stanisz
                                          1540 Broadway
                                          New York, NY 10036-4039
                                          212.858.1000
                                          joseph.jean@pillsburylaw.com
                                          alexander.hardiman@pillsburylaw.com
                                          janine.stanisz@pillsburylaw.com

                                          *Attorneys for Plaintiff JULIO ROCHA*