# Exhibit G



Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway | New York, NY 10036-4039 | tel 212.858.1000 | fax 212.858.1500

Joseph D. Jean
tel: 212.858.1038
joseph.jean@pillsburylaw.com

March 30, 2016

**VIA EMAIL & FEDERAL EXPRESS**

Mr. Erik Stenberg
Baudacci Nigg Stenberg
Lindenstrasse 22
CH-8034 Zurich
Switzerland

Re:   **Named Insured:**   Fédération Internationale de Football Association ("FIFA")
      **Insured Person:**   Julio Rocha
      **Policy No.:**   LI1413318 ("Policy")
      *United States against Jeffrey Webb, et al.* (the "Indictment")

Dear Mr. Stenberg:

This follows our November 24, 2015 correspondence and your December 16, 2015 correspondence regarding Julio Rocha's request for reimbursement and advancement under the Policy for Mr. Rocha's defense costs associated with defending the Indictment and the United States' efforts to extradite Mr. Rocha to the United States ("Extradition Action").

Please be advised that on or about March 15, 2016, FIFA filed a Victim Statement and Request for Restitution ("FIFA Complaint") in connection with the Indictment, a copy of which is enclosed for your convenience. The FIFA Complaint seeks damages against Mr. Rocha based on wrongful acts alleged to have been committed in his capacity as FIFA development officer. More specifically, the FIFA Complaint alleges that:

- Mr. Rocha committed wrongful acts while employed by FIFA in his capacity FIFA official, and more specifically as a FIFA Development Officer. (FIFA Complaint, p. 15);

- Mr. Rocha unfairly and under false pretenses obtained a salary, benefits and other compensation from FIFA. (*Id.*, at p. 17);

Mr. Erik Stenberg
March 30, 2016

- Mr. Rocha was not entitled to those payments and benefits because he "did not give FIFA the full value of their honest services in return." (*Id.*, at pp. 17-18); and

- FIFA is entitled to damages from Mr. Rocha because "there is no question that a portion of an individual's salary can be subject to forfeiture where, as here, an employer pays for honest services but receives something less." (*Id.*, at p. 17).

Because FIFA's Complaint constitutes a claim for wrongful acts committed in Mr. Rocha's capacity as an insured person under the Policy, Mr. Rocha hereby requests advancement and reimbursement of his defense costs incurred in connection with the FIFA Complaint.

In your December 16, 2015 letter, Underwriters sought information regarding Mr. Rocha's status as an "Insured Person" under the Policy and whether the Indictment alleged wrongful acts committed in his capacity as an "Insured Person." We understand that you have subsequently corresponded with, and were provided information by, Mr. Rocha's Swiss counsel, Georg Friedli, confirming his status an "Insured Person" and the Indictment's allegations against him in that capacity. To reiterate, however, Mr. Rocha qualifies as an "Insured Person" under section 1.3 of the Policy, including but not limited to, because:

- Mr. Rocha was employed by FIFA in a managerial or supervisory capacity as a FIFA's head development officer for Central America. (Policy, § 1.3(a));

- Mr. Rocha was employed by FIFA as a FIFA's head development officer for Central America and was "named as a co-defendant with a President, Vice-President or Member of FIFA" in the Indictment, including FIFA Vice Presidents Eugenio Figueredo, Jack Warner and Jeffrey Webb. (Policy, § 1.3(c));

- In his capacity as head FIFA development officer for Central America, Mr. Rocha was a general agent or representative of FIFA and/or part of FIFA's executive staff. (Policy, § 1.3).

- In his capacity as President of the Federación Nicaragüense de Futbol ("FENIFUT"), a national member association of FIFA, Mr. Rocha was a member, executive or supervisor of FIFA and member of the FIFA congress. (Policy, § 1.3).

FIFA's Complaint, which is predicated on FIFA's own admission that Mr. Rocha was employed by FIFA as a development officer and alleges wrongful acts in his capacity as such, further confirms Mr. Rocha's status as an Insured Person and his resulting entitlement to coverage for both the FIFA Complaint and the Indictment. In this regard, we also note that the Indictment specifically alleges wrongful acts in Mr. Rocha's insured capacity as both a FIFA development officer and President of FENIFUT, including but not limited to:

- "In or about and between January 2013 and the present, ROCHA was a FIFA development officer based in Panama, responsible for overseeing FIFA's development efforts in Central America." (Indictment, ¶ 38).

Mr. Erik Stenberg
March 30, 2016

- "Until approximately December 2012, ROCHA was the president of the Federación Nicaragüense de Futbol ("FENIFUT"), the Nicaraguan soccer federation, which was a national member association of FIFA and CONCACAF." (*Id.*)

- "On or about February 25, 2014, the defendant JULIO ROCHA met with Co-Conspirator #4 in Miami, Florida. At the time, ROCHA was employed by FIFA as a development officer·, and Co-Conspirator #4 was the general secretary of CONCACAF. During the meeting, ROCHA asked Co-Conspirator #4 to speak with his successor at Traffic USA about whether ROCHA could receive a payment in connection with the sale of FENIFUT's rights to their qualifier matches in advance of the 2022 World Cup." (Indictment, ¶ 208).

- "In or about and between 1991 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . JULIO ROCHA, together with others, being persons employed by and associated with the enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c)." (Indictment, ¶ 265).

- In or about and between April 2011 and December 2012, both dates being approximate and inclusive, within the Southern District of Florida, the defendant JULIO ROCHA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA . . . including to deprive FIFA . . . of [its] respective rights to honest and faithful services . . ." (Indictment, ¶ 299)

Accordingly, Mr. Rocha requests immediate reimbursement and advancement of defense costs associated with his defense of the Indictment, the Extradition Action and the FIFA Complaint. We appreciate your prompt acknowledgement of coverage. In the meantime, we reserve all of Mr. Rocha's rights under the Policy and the law.

Sincerely,

*Joseph D. Jean*

Joseph D. Jean


Encl.

cc:  Julio Rocha
     William Sullivan, Esq.
     Thomas Hill, Esq.