

Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway | New York, NY 10036-4039 | tel 212.858.1000 | fax 212.858.1500

Alexander D. Hardiman
tel: 212.858.1064
alexander.hardiman@pillsburylaw.com

June 14, 2016

Via ECF

The Honorable Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re**:**     **Rocha v. Certain Underwriters at Lloyd's, London; Axis Specialty Europe SE, No. 1:16-cv-02327 (E.D.N.Y.)**

Dear Judge Dearie:

We represent Plaintiff Julio Rocha in the above-captioned matter (the "Rocha Action"). We write in response to Defendants June 7, 2016 letter requesting a pre-motion conference. We respectfully request that Defendants' request to file the requested motion to dismiss be denied in light of the law of the case established on the substantive issues by Your Honor's April 27, 2016 Order (the "Li Decision") in the related case of Eduardo Li v. Certain Underwriters at Lloyd's, London, et al., Case No. 15-CV-06099 (RJD) (the "Li Litigation").[1] Defendants' request is nothing more than an impermissible attempt to reargue a ruling that previously established this Court's jurisdiction in this matter.

Defendants' request to file a motion to dismiss based on the Court's purported lack of jurisdiction should be barred by the law of the case doctrine. The law of the case doctrine "posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." M.E.S., Inc. v. Safeco Ins. Co. of Am., No. 10-cv-02798, 2014 WL 2931398, at *18 (E.D.N.Y. June 27, 2014) (citations omitted). Moreover, the doctrine "applies to issues previously determined in closely related cases." Ovadia v. Top Ten Jewelry Corp., No. 04 Civ. 2690, 2005 WL 1949970, at *3 (S.D.N.Y. Aug. 12, 2005) (citation omitted); see also Coleco Indus., Inc. v. Universal City Studios, Inc., 637 F.Supp. 148, 150 (S.D.N.Y 1986) (holding that "it is the duty of the District Court to follow the law of the case, albeit a related case, particularly when the law has been pronounced, at least *pro tem*, by this court"). Here, this Court already determined in the Li Decision that it can properly exercise ancillary jurisdiction over this matter and Defendants have set forth no argument as to why they should not be barred

---

[1] The Rocha Action and Li Litigation are related matters. See Division of Business Rule 50.3.1(a) ("A civil case is "related" to another civil case . . . because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.").

by law of the case from relitigating the issue in this related case when the jurisdictional issue is identical.

Moreover, a court should not review its prior decision establishing law of the case, unless "one of three exceptional circumstances exists: 1) the evidence on a subsequent trial was substantially different; 2) controlling authority has intervened; or 3) the earlier decision was clearly erroneous and would work a manifest injustice." Rosco, Inc. v. Mirror Lite Co., 506 F. Supp. 2d 137, 155 (E.D.N.Y. 2007) (citations omitted). None of the three noted exceptional circumstances apply in this matter. Rather, Mr. Rocha and Mr. Li are named as co-defendants in the underlying action and face similar charges in United States criminal proceedings related to their employment with FIFA. The same Indictment, Request for Extradition, FIFA Complaint, and Directors and Officers Legal Liability Policy No. L1413318, effective December 30, 2014 to December 30, 2015 (the "Policy"), are at issue in both cases and accordingly the same jurisdictional analysis and ruling in the Li Decision applies here as law of the case.

Indeed, in the Li Decision, this Court held that the circumstances *strongly* warrant the exercise of ancillary jurisdiction. Li Decision at p. 6. Thus, this Court determined that "the 'factual interdependen[ce]' of the criminal charges and the insurance coverage claim [were] self-evident" and that "successful management of Li's criminal case necessarily involves preventing any potential issues or delays from impeding a timely, efficient, and fair trial as to *Li and his many co-defendants*." Id. (emphasis added). Moreover, this Court held that "ancillary proceeding is needed to foreclose undue delay . . . and to ensure that this insurance dispute does not interfere with a fair and efficient trial for *Li and his many co-defendants*, while, as noted, the Insurers face no discernable prejudice." Id. at p. 8 (emphasis added). This same reasoning applies here. Moreover, this Court already has rejected Defendants' arguments regarding the Policy's forum selection clause which it held does not govern because the individual insureds did not subscribe to that clause and are therefore not bound by it. Id. at pp. 13-14. Defendants point to no new evidence, controlling authority or clearly erroneous decision that warrants this Court to reconsider its prior decision on this issue.

In their continuing bad faith effort to evade the promises contained in the Policy, Defendants also request leave to file a motion to dismiss on the basis of purportedly improper service (despite Defendants appearance in both this action and the related Li Litigation). Defendants are incorrect. Service under the Policy was proper. The requirements of the Hague Convention, specifically its service provisions, may be waived by contract and are not implicated when a defendant voluntarily agrees to waive formal service. Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L., 78 A.D.3d 137 (1st Dept 2010) (stating that "we see no reason why the requirements of the Convention may not be waived by contract."). The Policy explicitly provides that service by mail, fax and email are acceptable means of service and waives the service provisions of the Hague Convention:

> **11. Legal Proceedings against Lloyd's Underwriters**
>
> Any summons, notice or process to be served upon the Underwriters for the purpose of instituting any legal proceedings against them in connection with this insurance may be served upon:

> Graham West of
> Lloyd's Versicherer
> Zweigniederlassung Zurich
> Seefeldstrasse 7
> 8008 Zurich
> Switzerland
>
> Tel. + 41 1 261 33 10
> Fax. + 41 1 251 62 42
> E-mail: graham.west@Lloyd's.com
>
> who have authority to accept service on their behalf.

The plain reading of Section 11 of the Policy is unambiguous. Service was effectuated to the email address provided in the Policy on May 12, 2016 and by Federal Express on May 17, 2016. A certified copy, return receipt requested, was also received as of May 31, 2016. In addition, Defendants have failed to inform the Court that they were also served pursuant to N.Y. Insurance Law § 1213 through the New York State Superintendent of Insurance on May 19, 2016 because Defendants are unauthorized foreign insurers doing business within New York. See A.J. McNulty & Co. v. Rocamat, 506 N.Y.S.2d 393 (N.Y. Sup. Ct. 1986) (service of process on foreign entities doing business in New York was proper pursuant to Business Corp. Law § 307 and Insurance Law § 1213, and compliance with the Hague was not necessary). Accordingly, Defendants were properly served in accordance with both the Policy and applicable law.

Lastly, Defendant AXIS Specialty Europe SE ("AXIS") asserts that it should be permitted to bring a motion to dismiss on the basis that AXIS was improperly named as a defendant. As a preliminary matter, based on a review of the available record, AXIS failed to make this assertion in the Li Litigation, an action seeking coverage under the same Policy. Indeed, the Security Schedule, which is attached to and forms part of the Policy, specifically lists "AXIS Specialty Europe SE" as a subscribing insurer with 10.0000% of the total policy limit of liability. AXIS is therefore properly named a co-defendant in this action.

For the foregoing reasons, Mr. Rocha respectfully requests that Defendants' request for a pre-motion conference and leave to file the requested motion to dismiss be denied.

Respectfully Submitted,

/s/ Alexander D. Hardiman
Alexander D. Hardiman
Partner