# Ex. F

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X
JULIO ROCHA,                   :   16cv02327(RJD)
         Plaintiff,            :
       -against-               :   United States Courthouse
                               :   Brooklyn, New York
                               :
CERTAIN UNDERWRITERS AT        :
LLOYD'S, AXIS SPECIALTY        :   Tuesday, June 21, 2016
EUROPE SE,                     :   12:00 p.m.
         Defendants.           :
                               :
- - - - - - - - - - - - - - - -X

TRANSCRIPT OF CIVIL CAUSE FOR ORDER TO SHOW CAUSE
BEFORE THE HONORABLE RAYMOND J. DEARIE
[!JUDGE TYPE]

A P P E A R A N C E S:

For the Plaintiff:      PILLSBURY WINTHROP SHAW PITTMAN
                        Attorneys for the Plaintiff -
                        JULIO ROCHA
                            1540 Broadway
                            New York, New York 10036-4039
                        BY: ALEXANDER D. HARDIMAN, ESQ.

                        PILLSBURY WINTHROP SHAW PITTMAN
                        Attorneys for the Plaintiff
                            1200 Seventeenth Street, NW
                            Washington, DC 20036-3006
                        BY: WILLIAM SULLIVAN, ESQ.

                        PILLSBURY WINTHROP SHAW PITTMAN
                        Attorneys for the Plaintiff
                            1200 Seventeenth Street, NW
                            Washington, DC 20036-3006
                        BY: THOMAS HILL, ESQ.

*Michele D. Lucchese, RPR, OCR*
*Official Court Reporter*

2

```
For the Defendants:    CLYDE & CO. US LLP
                       Attorneys for the Defendants -
                       CERTAIN UNDERWRITERS AT LLOYD'S, AXIS
                       SPECIALTY EUROPE SE
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174
                       BY: MICHAEL KNOERZER, ESQ.


Court Reporter:        Court Reporter:  Michele D. Lucchese, RPR
                       Official Court Reporter
                       Telephone: (718) 613-2272
                       Facsimile: (718) 804-2719
                       E-mail: michsassy21@ymail.com
```

Proceedings recorded by computerized stenography. Transcript produced by Computer-aided Transcription.

1  seeking back close to $400,000 in what they specifically call
2  salary and bonuses and other compensation.  So I think right
3  there is enough to demonstrate that he was -- they considered
4  him to be a de facto employee.
5        Now, even if that weren't the case, left
6  unaddressed by defendants in their papers and here today is
7  the catchall broad provision in 1.3 that says Coverage is
8  provided to a general agent or representative of FIFA.  Now,
9  even defendants can't argue that he was not a general agent
10 or representative of FIFA.  He was paid to be FIFA's head
11 development officer for Latin America, and there is simply no
12 argument on that.  That is reflected in the employment
13 agreement which they have hung their hat on with respect to
14 the employee/employer status.  It says This agreement does
15 only authorize and entitle the DO, Mr. Rocha, to act as a
16 representative of FIFA in any de facto dejure capacity upon
17 instructions.  Put that together with Mr. Rocha's affidavit,
18 which is unrebutted, there is no affidavit from FIFA, if FIFA
19 was so concerned about this matter, all the insurers had to
20 do was call them up and say we saw that you filed a Complaint
21 for restitution from Mr. Rocha as your employee, but we'd
22 like you to submit an affidavit because apparently defendants
23 belief their interests are implicated, FIFA's.  That was
24 their argument earlier.  Why not have them submit an
25 affidavit?  They didn't.  It is unrebutted at this stage.

7

1 organization, also has simply not responded. We will be
2 following up on that. But we have no information indicating
3 that there is any available other insurance that covered for
4 Mr. Rocha at this point. So the only policy and the policy
5 designed to respond is the FIFA policy.
6          THE COURT: So he and you are really on the rope?
7          MR. HARDIMAN: Yes, your Honor. Again, that's why
8 we are here for a preliminary injunction. We wish we
9 weren't. We thought that the Li decision was pretty clear,
10 certainly on the jurisdictional questions.
11          On the forum non conveniens rulings, those are
12 legal rulings which are binding in this case as a related
13 case, yet defendants are still arguing about this. They
14 won't even accept service. Their attorneys are here and they
15 won't even accept service. I understand they may be entitled
16 to do so, but I think that's a sign of what we are dealing
17 with in terms of the kind of good faith obligations that they
18 have under the insurance policy.
19          THE COURT: I thought that under the terms of the
20 -- I was about to use the word convention, you can serve in
21 the manner that you served, by e-mail and so forth.
22          MR. HARDIMAN: That's what we have laid out in our
23 papers, but, apparently, defendants disagree and are
24 disputing. I mean, we have served in the manner prescribed
25 by the policy, in the manner we believe is permitted under

```
                                                              20
```

1  There is simply no argument on the representative and general
2  agent capacity in Section 1.3, in addition to the other
3  capacities that we have laid out.
4              THE COURT:  Let's go back to jurisdiction.  I'd
5  like to hear from you on that.
6              MR. HARDIMAN:  Yes.  Well, as a preliminary matter,
7  Your Honor, I don't think we should be hearing arguments
8  about jurisdiction.  This is a rehash of a ruling that's
9  already been made.  That is binding in this case, is our
10 position.
11             THE COURT:  Not so fast.  There are some
12 differences between this and Mr. Li's situation, not the
13 least of which is, of course, the carrier came running in
14 here to Federal Court on point.  I don't know how much you
15 read into it in terms of the analysis, but -- so I'm not sure
16 I am bound by that.
17             MR. HARDIMAN:  Okay.  We'd respectfully --
18             THE COURT:  Again, I'm very sensitive to this whole
19 idea of not wanting to get into refereeing insurance battles
20 for every nickel, dime case that comes down the pike, and
21 this is certainly not a nickel, dime case.
22             MR. HARDIMAN:  We think that it is law of the case
23 because it is a pure legal issue and there's no
24 differentiating factor with Mr. Rocha in this particular
25 case.  With respect to the coverage provisions, yes, it is a