# EXHIBIT 4

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 2 of 40 PageID #: 1469

# CONVENTION

## on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

### PREAMBLE

THE HIGH CONTRACTING PARTIES TO THIS CONVENTION,

DETERMINED to strengthen in their territories the legal protection of persons therein established,

CONSIDERING that it is necessary for this purpose to determine the international jurisdiction of the courts, to facilitate recognition, and to introduce an expeditious procedure for securing the enforcement of judgments, authentic instruments and court settlements,

AWARE of the links between them, which have been sanctioned in the economic field by the free trade agreements concluded between the European Community and certain States members of the European Free Trade Association,

TAKING INTO ACCOUNT:

— the Brussels Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters, as amended by the Accession Conventions under the successive enlargements of the European Union,

— the Lugano Convention of 16 September 1988 on jurisdiction and the enforcement of judgments in civil and commercial matters, which extends the application of the rules of the 1968 Brussels Convention to certain States members of the European Free Trade Association,

— Council Regulation (EC) No 44/2001 of 22 December 2000 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters, which has replaced the abovementioned Brussels Convention,

— the Agreement between the European Community and the Kingdom of Denmark on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters, signed at Brussels on 19 October 2005,

PERSUADED that the extension of the principles laid down in Regulation (EC) No 44/2001 to the Contracting Parties to this instrument will strengthen legal and economic cooperation,

DESIRING to ensure as uniform an interpretation as possible of this instrument,

HAVE in this spirit DECIDED to conclude this Convention, and

HAVE AGREED AS FOLLOWS:

### TITLE I

### SCOPE

### Article 1

1. This Convention shall apply in civil and commercial matters whatever the nature of the court or tribunal. It shall not extend, in particular, to revenue, customs or administrative matters.

2. The Convention shall not apply to:

(a) the status or legal capacity of natural persons, rights in property arising out of a matrimonial relationship, wills and succession;

(b)   bankruptcy, proceedings relating to the winding-up of insolvent companies or other legal persons, judicial arrangements, compositions and analogous proceedings;

(c)   social security;

(d)   arbitration.

3.   In this Convention, the term 'State bound by this Convention' shall mean any State that is a Contracting Party to this Convention or a Member State of the European Community. It may also mean the European Community.

TITLE II

**JURISDICTION**

*SECTION 1*

**General provisions**

*Article 2*

1.   Subject to the provisions of this Convention, persons domiciled in a State bound by this Convention shall, whatever their nationality, be sued in the courts of that State.

2.   Persons who are not nationals of the State bound by this Convention in which they are domiciled shall be governed by the rules of jurisdiction applicable to nationals of that State.

*Article 3*

1.   Persons domiciled in a State bound by this Convention may be sued in the courts of another State bound by this Convention only by virtue of the rules set out in Sections 2 to 7 of this Title.

2.   In particular the rules of national jurisdiction set out in Annex I shall not be applicable as against them.

*Article 4*

1.   If the defendant is not domiciled in a State bound by this Convention, the jurisdiction of the courts of each State bound by this Convention shall, subject to the provisions of Articles 22 and 23, be determined by the law of that State.

2.   As against such a defendant, any person domiciled in a State bound by this Convention may, whatever his nationality, avail himself in that State of the rules of jurisdiction there in force, and in particular those specified in Annex I, in the same way as the nationals of that State.

*SECTION 2*

**Special jurisdiction**

*Article 5*

A person domiciled in a State bound by this Convention may, in another State bound by this Convention, be sued:

1.   (a)   in matters relating to a contract, in the courts for the place of performance of the obligation in question;

(b)   for the purpose of this provision and unless otherwise agreed, the place of performance of the obligation in question shall be:

— in the case of the sale of goods, the place in a State bound by this Convention where, under the contract, the goods were delivered or should have been delivered;

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 4 of 40 PageID #: 1471

— in the case of the provision of services, the place in a State bound by this Convention where, under the contract, the services were provided or should have been provided.

(c)   if (b) does not apply then subparagraph (a) applies;

2.   in matters relating to maintenance:

(a)   in the courts for the place where the maintenance creditor is domiciled or habitually resident; or

(b)   in the court which, according to its own law, has jurisdiction to entertain proceedings concerning the status of a person if the matter relating to maintenance is ancillary to those proceedings, unless that jurisdiction is based solely on the nationality of one of the parties; or

(c)   in the court which, according to its own law, has jurisdiction to entertain proceedings concerning parental responsibility, if the matter relating to maintenance is ancillary to those proceedings, unless that jurisdiction is based solely on the nationality of one of the parties;

3.   in matters relating to tort, *delict* or *quasi-delict*, in the courts for the place where the harmful event occurred or may occur;

4.   as regards a civil claim for damages or restitution which is based on an act giving rise to criminal proceedings, in the court seised of those proceedings, to the extent that that court has jurisdiction under its own law to entertain civil proceedings;

5.   as regards a dispute arising out of the operations of a branch, agency or other establishment, in the courts for the place in which the branch, agency or other establishment is situated;

6.   as settlor, trustee or beneficiary of a trust created by the operation of a statute, or by a written instrument, or created orally and evidenced in writing, in the courts of the State bound by this Convention in which the trust is domiciled;

7.   as regards a dispute concerning the payment of remuneration claimed in respect of the salvage of a cargo or freight, in the court under the authority of which the cargo or freight in question:

(a)   has been arrested to secure such payment; or

(b)   could have been so arrested, but bail or other security has been given;

provided that this provision shall apply only if it is claimed that the defendant has an interest in the cargo or freight or had such an interest at the time of salvage.

*Article 6*

A person domiciled in a State bound by this Convention may also be sued:

1.   where he is one of a number of defendants, in the courts for the place where any one of them is domiciled, provided the claims are so closely connected that it is expedient to hear and determine them together to avoid the risk of irreconcilable judgments resulting from separate proceedings;

2.  as a third party in an action on a warranty or guarantee, or in any other third party proceedings, in the court seised of the original proceedings, unless these were instituted solely with the object of removing him from the jurisdiction of the court which would be competent in his case;

3.  on a counter-claim arising from the same contract or facts on which the original claim was based, in the court in which the original claim is pending;

4.  in matters relating to a contract, if the action may be combined with an action against the same defendant in matters relating to rights *in rem* in immovable property, in the court of the State bound by this Convention in which the property is situated.

*Article 7*

Where by virtue of this Convention a court of a State bound by this Convention has jurisdiction in actions relating to liability from the use or operation of a ship, that court, or any other court substituted for this purpose by the internal law of that State, shall also have jurisdiction over claims for limitation of such liability.

*SECTION 3*

**Jurisdiction in matters relating to insurance**

*Article 8*

In matters relating to insurance, jurisdiction shall be determined by this Section, without prejudice to Articles 4 and 5(5).

*Article 9*

1.  An insurer domiciled in a State bound by this Convention may be sued:

(a)  in the courts of the State where he is domiciled; or

(b)  in another State bound by this Convention, in the case of actions brought by the policyholder, the insured or a beneficiary, in the courts for the place where the plaintiff is domiciled; or

(c)  if he is a co-insurer, in the courts of a State bound by this Convention in which proceedings are brought against the leading insurer.

2.  An insurer who is not domiciled in a State bound by this Convention but has a branch, agency or other establishment in one of the States bound by this Convention shall, in disputes arising out of the operations of the branch, agency or establishment, be deemed to be domiciled in that State.

*Article 10*

In respect of liability insurance or insurance of immovable property, the insurer may in addition be sued in the courts for the place where the harmful event occurred. The same applies if movable and immovable property are covered by the same insurance policy and both are adversely affected by the same contingency.

*Article 11*

1.  In respect of liability insurance, the insurer may also, if the law of the court permits it, be joined in proceedings which the injured party has brought against the insured.

2.  Articles 8, 9 and 10 shall apply to actions brought by the injured party directly against the insurer, where such direct actions are permitted.

3.  If the law governing such direct actions provides that the policyholder or the insured may be joined as a party to the action, the same court shall have jurisdiction over them.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 6 of 40 PageID #: 1473

*Article 12*

1.   Without prejudice to Article 11(3), an insurer may bring proceedings only in the courts of the State bound by this Convention in which the defendant is domiciled, irrespective of whether he is the policyholder, the insured or a beneficiary.

2.   The provisions of this Section shall not affect the right to bring a counter-claim in the court in which, in accordance with this Section, the original claim is pending.

*Article 13*

The provisions of this Section may be departed from only by an agreement:

1.   which is entered into after the dispute has arisen; or

2.   which allows the policyholder, the insured or a beneficiary to bring proceedings in courts other than those indicated in this Section; or

3.   which is concluded between a policyholder and an insurer, both of whom are at the time of conclusion of the contract domiciled or habitually resident in the same State bound by this Convention, and which has the effect of conferring jurisdiction on the courts of that State even if the harmful event were to occur abroad, provided that such an agreement is not contrary to the law of that State; or

4.   which is concluded with a policyholder who is not domiciled in a State bound by this Convention, except insofar as the insurance is compulsory or relates to immovable property in a State bound by this Convention; or

5.   which relates to a contract of insurance insofar as it covers one or more of the risks set out in Article 14.

*Article 14*

The following are the risks referred to in Article 13(5):

1.   any loss of or damage to:

   (a)   seagoing ships, installations situated offshore or on the high seas, or aircraft, arising from perils which relate to their use for commercial purposes;

   (b)   goods in transit, other than passengers' baggage, where the transit consists of or includes carriage by such ships or aircraft;

2.   any liability, other than for bodily injury to passengers or loss of or damage to their baggage:

   (a)   arising out of the use or operation of ships, installations or aircraft as referred to in point 1(a) insofar as, in respect of the latter, the law of the State bound by this Convention in which such aircraft are registered does not prohibit agreements on jurisdiction regarding insurance of such risks;

   (b)   for loss or damage caused by goods in transit as described in point 1(b);

3.   any financial loss connected with the use or operation of ships, installations or aircraft as referred to in point 1(a), in particular loss of freight or charter-hire;

4.  any risk or interest connected with any of those referred to in points 1 to 3;

5.  notwithstanding points 1 to 4, all large risks.

*SECTION 4*

**Jurisdiction over consumer contracts**

*Article 15*

1.  In matters relating to a contract concluded by a person, the consumer, for a purpose which can be regarded as being outside his trade or profession, jurisdiction shall be determined by this Section, without prejudice to Articles 4 and 5(5), if:

(a)  it is a contract for the sale of goods on instalment credit terms; or

(b)  it is a contract for a loan repayable by instalments, or for any other form of credit, made to finance the sale of goods; or

(c)  in all other cases, the contract has been concluded with a person who pursues commercial or professional activities in the State bound by this Convention of the consumer's domicile or, by any means, directs such activities to that State or to several States including that State, and the contract falls within the scope of such activities.

2.  Where a consumer enters into a contract with a party who is not domiciled in the State bound by this Convention but has a branch, agency or other establishment in one of the States bound by this Convention, that party shall, in disputes arising out of the operations of the branch, agency or establishment, be deemed to be domiciled in that State.

3.  This section shall not apply to a contract of transport other than a contract which, for an inclusive price, provides for a combination of travel and accommodation.

*Article 16*

1.  A consumer may bring proceedings against the other party to a contract either in the courts of the State bound by this Convention in which that party is domiciled or in the courts for the place where the consumer is domiciled.

2.  Proceedings may be brought against a consumer by the other party to the contract only in the courts of the State bound by this Convention in which the consumer is domiciled.

3.  This Article shall not affect the right to bring a counter-claim in the court in which, in accordance with this Section, the original claim is pending.

*Article 17*

The provisions of this Section may be departed from only by an agreement:

1.  which is entered into after the dispute has arisen; or

2.  which allows the consumer to bring proceedings in courts other than those indicated in this Section; or

3.  which is entered into by the consumer and the other party to the contract, both of whom are at the time of conclusion of the contract domiciled or habitually resident in the same State bound by this Convention, and which confers jurisdiction on the courts of that State, provided that such an agreement is not contrary to the law of that State.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 8 of 40 PageID #: 1475

*SECTION 5*

**Jurisdiction over individual contracts of employment**

*Article 18*

1.   In matters relating to individual contracts of employment, jurisdiction shall be determined by this Section, without prejudice to Articles 4 and 5(5).

2.   Where an employee enters into an individual contract of employment with an employer who is not domiciled in a State bound by this Convention but has a branch, agency or other establishment in one of the States bound by this Convention, the employer shall, in disputes arising out of the operations of the branch, agency or establishment, be deemed to be domiciled in that State.

*Article 19*

An employer domiciled in a State bound by this Convention may be sued:

1.   in the courts of the State where he is domiciled; or

2.   in another State bound by this Convention:

   (a)   in the courts for the place where the employee habitually carries out his work or in the courts for the last place where he did so; or

   (b)   if the employee does not or did not habitually carry out his work in any one country, in the courts for the place where the business which engaged the employee is or was situated.

*Article 20*

1.   An employer may bring proceedings only in the courts of the State bound by this Convention in which the employee is domiciled.

2.   The provisions of this Section shall not affect the right to bring a counter-claim in the court in which, in accordance with this Section, the original claim is pending.

*Article 21*

The provisions of this Section may be departed from only by an agreement on jurisdiction:

1.   which is entered into after the dispute has arisen; or

2.   which allows the employee to bring proceedings in courts other than those indicated in this Section.

*SECTION 6*

**Exclusive jurisdiction**

*Article 22*

The following courts shall have exclusive jurisdiction, regardless of domicile:

1.   in proceedings which have as their object rights *in rem* in immovable property or tenancies of immovable property, the courts of the State bound by this Convention in which the property is situated.

   However, in proceedings which have as their object tenancies of immovable property concluded for temporary private use for a maximum period of six consecutive months, the courts of the State bound by this Convention in which the defendant is domiciled shall also have jurisdiction, provided that the tenant is a natural person and that the landlord and the tenant are domiciled in the same State bound by this Convention;

2.  in proceedings which have as their object the validity of the constitution, the nullity or the dissolution of companies or other legal persons or associations of natural or legal persons, or of the validity of the decisions of their organs, the courts of the State bound by this Convention in which the company, legal person or association has its seat. In order to determine that seat, the court shall apply its rules of private international law;

3.  in proceedings which have as their object the validity of entries in public registers, the courts of the State bound by this Convention in which the register is kept;

4.  in proceedings concerned with the registration or validity of patents, trade marks, designs, or other similar rights required to be deposited or registered, irrespective of whether the issue is raised by way of an action or as a defence, the courts of the State bound by this Convention in which the deposit or registration has been applied for, has taken place or is, under the terms of a Community instrument or an international convention, deemed to have taken place.

Without prejudice to the jurisdiction of the European Patent Office under the Convention on the grant of European patents, signed at Munich on 5 October 1973, the courts of each State bound by this Convention shall have exclusive jurisdiction, regardless of domicile, in proceedings concerned with the registration or validity of any European patent granted for that State irrespective of whether the issue is raised by way of an action or as a defence;

5.  in proceedings concerned with the enforcement of judgments, the courts of the State bound by this Convention in which the judgment has been or is to be enforced.

*SECTION 7*

**Prorogation of jurisdiction**

*Article 23*

1.   If the parties, one or more of whom is domiciled in a State bound by this Convention, have agreed that a court or the courts of a State bound by this Convention are to have jurisdiction to settle any disputes which have arisen or which may arise in connection with a particular legal relationship, that court or those courts shall have jurisdiction. Such jurisdiction shall be exclusive unless the parties have agreed otherwise. Such an agreement conferring jurisdiction shall be either:

(a)  in writing or evidenced in writing; or

(b)  in a form which accords with practices which the parties have established between themselves; or

(c)  in international trade or commerce, in a form which accords with a usage of which the parties are or ought to have been aware and which in such trade or commerce is widely known to, and regularly observed by, parties to contracts of the type involved in the particular trade or commerce concerned.

2.   Any communication by electronic means which provides a durable record of the agreement shall be equivalent to 'writing'.

3.   Where such an agreement is concluded by parties, none of whom is domiciled in a State bound by this Convention, the courts of other States bound by this Convention shall have no jurisdiction over their disputes unless the court or courts chosen have declined jurisdiction.

4.   The court or courts of a State bound by this Convention on which a trust instrument has conferred jurisdiction shall have exclusive jurisdiction in any proceedings brought against a settlor, trustee or beneficiary, if relations between these persons or their rights or obligations under the trust are involved.

5.   Agreements or provisions of a trust instrument conferring jurisdiction shall have no legal force if they are contrary to the provisions of Articles 13, 17 or 21, or if the courts whose jurisdiction they purport to exclude have exclusive jurisdiction by virtue of Article 22.

*Article 24*

Apart from jurisdiction derived from other provisions of this Convention, a court of a State bound by this Convention before which a defendant enters an appearance shall have jurisdiction. This rule shall not apply where appearance was entered to contest the jurisdiction, or where another court has exclusive jurisdiction by virtue of Article 22.

SECTION 8

**Examination as to jurisdiction and admissibility**

*Article 25*

Where a court of a State bound by this Convention is seised of a claim which is principally concerned with a matter over which the courts of another State bound by this Convention have exclusive jurisdiction by virtue of Article 22, it shall declare of its own motion that it has no jurisdiction.

*Article 26*

1.   Where a defendant domiciled in one State bound by this Convention is sued in a court of another State bound by this Convention and does not enter an appearance, the court shall declare of its own motion that it has no jurisdiction unless its jurisdiction is derived from the provisions of this Convention.

2.   The court shall stay the proceedings so long as it is not shown that the defendant has been able to receive the document instituting the proceedings or an equivalent document in sufficient time to enable him to arrange for his defence, or that all necessary steps have been taken to this end.

3.   Instead of the provisions of paragraph 2, Article 15 of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial matters shall apply if the document instituting the proceedings or an equivalent document had to be transmitted pursuant to that Convention.

4.   Member States of the European Community bound by Council Regulation (EC) No 1348/2000 of 29 May 2000 or by the Agreement between the European Community and the Kingdom of Denmark on the service of judicial and extrajudicial documents in civil or commercial matters, signed at Brussels on 19 October 2005, shall apply in their mutual relations the provision in Article 19 of that Regulation if the document instituting the proceedings or an equivalent document had to be transmitted pursuant to that Regulation or that Agreement.

SECTION 9

***Lis pendens*** **— related actions**

*Article 27*

1.   Where proceedings involving the same cause of action and between the same parties are brought in the courts of different States bound by this Convention, any court other than the court first seised shall of its own motion stay its proceedings until such time as the jurisdiction of the court first seised is established.

2.   Where the jurisdiction of the court first seised is established, any court other than the court first seised shall decline jurisdiction in favour of that court.

*Article 28*

1.   Where related actions are pending in the courts of different States bound by this Convention, any court other than the court first seised may stay its proceedings.

2.   Where these actions are pending at first instance, any court other than the court first seised may also, on the application of one of the parties, decline jurisdiction if the court first seised has jurisdiction over the actions in question and its law permits the consolidation thereof.

3.   For the purposes of this Article, actions are deemed to be related where they are so closely connected that it is expedient to hear and determine them together to avoid the risk of irreconcilable judgments resulting from separate proceedings.

Case 1:16-cv-02327-RJD-RML  Document 35-4  Filed 08/12/16  Page 11 of 40 PageID #: 1478

*Article 29*

Where actions come within the exclusive jurisdiction of several courts, any court other than the court first seised shall decline jurisdiction in favour of that court.

*Article 30*

For the purposes of this Section, a court shall be deemed to be seised:

1.  at the time when the document instituting the proceedings or an equivalent document is lodged with the court, provided that the plaintiff has not subsequently failed to take the steps he was required to take to have service effected on the defendant; or

2.  if the document has to be served before being lodged with the court at the time when it is received by the authority responsible for service, provided that the plaintiff has not subsequently failed to take the steps he was required to take to have the document lodged with the court.

SECTION 10

**Provisional, including protective, measures**

*Article 31*

Application may be made to the courts of a State bound by this Convention for such provisional, including protective, measures as may be available under the law of that State, even if, under this Convention, the courts of another State bound by this Convention have jurisdiction as to the substance of the matter.

TITLE III

**RECOGNITION AND ENFORCEMENT**

*Article 32*

For the purposes of this Convention, 'judgment' means any judgment given by a court or tribunal of a State bound by this Convention, whatever the judgment may be called, including a decree, order, decision or writ of execution, as well as the determination of costs or expenses by an officer of the court.

SECTION 1

**Recognition**

*Article 33*

1.  A judgment given in a State bound by this Convention shall be recognised in the other States bound by this Convention without any special procedure being required.

2.  Any interested party who raises the recognition of a judgment as the principal issue in a dispute may, in accordance with the procedures provided for in Sections 2 and 3 of this Title, apply for a decision that the judgment be recognised.

3.  If the outcome of proceedings in a court of a State bound by this Convention depends on the determination of an incidental question of recognition that court shall have jurisdiction over that question.

*Article 34*

A judgment shall not be recognised:

1.  if such recognition is manifestly contrary to public policy in the State in which recognition is sought;

2.  where it was given in default of appearance, if the defendant was not served with the document which instituted the proceedings or with an equivalent document in sufficient time and in such a way as to enable him to arrange for his defence, unless the defendant failed to commence proceedings to challenge the judgment when it was possible for him to do so;

3.  if it is irreconcilable with a judgment given in a dispute between the same parties in the State in which recognition is sought;

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 12 of 40 PageID #: 1479

4. if it is irreconcilable with an earlier judgment given in another State bound by this Convention or in a third State involving the same cause of action and between the same parties, provided that the earlier judgment fulfils the conditions necessary for its recognition in the State addressed.

### Article 35

1. Moreover, a judgment shall not be recognised if it conflicts with Sections 3, 4 or 6 of Title II, or in a case provided for in Article 68. A judgment may furthermore be refused recognition in any case provided for in Article 64(3) or 67(4).

2. In its examination of the grounds of jurisdiction referred to in the foregoing paragraph, the court or authority applied to shall be bound by the findings of fact on which the court of the State of origin based its jurisdiction.

3. Subject to the provisions of paragraph 1, the jurisdiction of the court of the State of origin may not be reviewed. The test of public policy referred to in Article 34(1) may not be applied to the rules relating to jurisdiction.

### Article 36

Under no circumstances may a foreign judgment be reviewed as to its substance.

### Article 37

1. A court of a State bound by this Convention in which recognition is sought of a judgment given in another State bound by this Convention may stay the proceedings if an ordinary appeal against the judgment has been lodged.

2. A court of a State bound by this Convention in which recognition is sought of a judgment given in Ireland or the United Kingdom may stay the proceedings if enforcement is suspended in the State of origin, by reason of an appeal.

SECTION 2

**Enforcement**

### Article 38

1. A judgment given in a State bound by this Convention and enforceable in that State shall be enforced in another State bound by this Convention when, on the application of any interested party, it has been declared enforceable there.

2. However, in the United Kingdom, such a judgment shall be enforced in England and Wales, in Scotland, or in Northern Ireland when, on the application of any interested party, it has been registered for enforcement in that part of the United Kingdom.

### Article 39

1. The application shall be submitted to the court or competent authority indicated in the list in Annex II.

2. The local jurisdiction shall be determined by reference to the place of domicile of the party against whom enforcement is sought, or to the place of enforcement.

### Article 40

1. The procedure for making the application shall be governed by the law of the State in which enforcement is sought.

2. The applicant must give an address for service of process within the area of jurisdiction of the court applied to. However, if the law of the State in which enforcement is sought does not provide for the furnishing of such an address, the applicant shall appoint a representative *ad litem*.

3. The documents referred to in Article 53 shall be attached to the application.

EN     Official Journal of the European Union     21.12.2007

*Article 41*

The judgment shall be declared enforceable immediately on completion of the formalities in Article 53 without any review under Articles 34 and 35. The party against whom enforcement is sought shall not at this stage of the proceedings be entitled to make any submissions on the application.

*Article 42*

1.   The decision on the application for a declaration of enforceability shall forthwith be brought to the notice of the applicant in accordance with the procedure laid down by the law of the State in which enforcement is sought.

2.   The declaration of enforceability shall be served on the party against whom enforcement is sought, accompanied by the judgment, if not already served on that party.

*Article 43*

1.   The decision on the application for a declaration of enforceability may be appealed against by either party.

2.   The appeal is to be lodged with the court indicated in the list in Annex III.

3.   The appeal shall be dealt with in accordance with the rules governing procedure in contradictory matters.

4.   If the party against whom enforcement is sought fails to appear before the appellate court in proceedings concerning an appeal brought by the applicant, Article 26(2) to (4) shall apply even where the party against whom enforcement is sought is not domiciled in any of the States bound by this Convention.

5.   An appeal against the declaration of enforceability is to be lodged within one month of service thereof. If the party against whom enforcement is sought is domiciled in a State bound by this Convention other than that in which the declaration of enforceability was given, the time for appealing shall be two months and shall run from the date of service, either on him in person or at his residence. No extension of time may be granted on account of distance.

*Article 44*

The judgment given on the appeal may be contested only by the appeal referred to in Annex IV.

*Article 45*

1.   The court with which an appeal is lodged under Article 43 or Article 44 shall refuse or revoke a declaration of enforceability only on one of the grounds specified in Articles 34 and 35. It shall give its decision without delay.

2.   Under no circumstances may the foreign judgment be reviewed as to its substance.

*Article 46*

1.   The court with which an appeal is lodged under Article 43 or Article 44 may, on the application of the party against whom enforcement is sought, stay the proceedings if an ordinary appeal has been lodged against the judgment in the State of origin or if the time for such an appeal has not yet expired; in the latter case, the court may specify the time within which such an appeal is to be lodged.

2.   Where the judgment was given in Ireland or the United Kingdom, any form of appeal available in the State of origin shall be treated as an ordinary appeal for the purposes of paragraph 1.

3.   The court may also make enforcement conditional on the provision of such security as it shall determine.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 14 of 40 PageID #: 1481

*Article 47*

1.   When a judgment must be recognised in accordance with this Convention, nothing shall prevent the applicant from availing himself of provisional, including protective, measures in accordance with the law of the State requested without a declaration of enforceability under Article 41 being required.

2.   The declaration of enforceability shall carry with it the power to proceed to any protective measures.

3.   During the time specified for an appeal pursuant to Article 43(5) against the declaration of enforceability and until any such appeal has been determined, no measures of enforcement may be taken other than protective measures against the property of the party against whom enforcement is sought.

*Article 48*

1.   Where a foreign judgment has been given in respect of several matters and the declaration of enforceability cannot be given for all of them, the court or competent authority shall give it for one or more of them.

2.   An applicant may request a declaration of enforceability limited to parts of a judgment.

*Article 49*

A foreign judgment which orders a periodic payment by way of a penalty shall be enforceable in the State in which enforcement is sought only if the amount of the payment has been finally determined by the courts of the State of origin.

*Article 50*

1.   An applicant who in the State of origin has benefited from complete or partial legal aid or exemption from costs or expenses shall be entitled, in the procedure provided for in this Section, to benefit from the most favourable legal aid or the most extensive exemption from costs or expenses provided for by the law of the State addressed.

2.   However, an applicant who requests the enforcement of a decision given by an administrative authority in Denmark, in Iceland or in Norway in respect of maintenance may, in the State addressed, claim the benefits referred to in paragraph 1 if he presents a statement from the Danish, Icelandic, or Norwegian Ministry of Justice to the effect that he fulfils the economic requirements to qualify for the grant of complete or partial legal aid or exemption from costs or expenses.

*Article 51*

No security, bond or deposit, however described, shall be required of a party who in one State bound by this Convention, applies for enforcement of a judgment given in another State bound by this Convention on the ground that he is a foreign national or that he is not domiciled or resident in the State in which enforcement is sought.

*Article 52*

In proceedings for the issue of a declaration of enforceability, no charge, duty or fee calculated by reference to the value of the matter at issue may be levied in the State in which enforcement is sought.

*SECTION 3*

**Common provisions**

*Article 53*

1.   A party seeking recognition or applying for a declaration of enforceability shall produce a copy of the judgment which satisfies the conditions necessary to establish its authenticity.

2.   A party applying for a declaration of enforceability shall also produce the certificate referred to in Article 54, without prejudice to Article 55.

L 339/16 Official Journal of the European Union 21.12.2007

*Article 54*

The court or competent authority of a State bound by this Convention where a judgment was given shall issue, at the request of any interested party, a certificate using the standard form in Annex V to this Convention.

*Article 55*

1.   If the certificate referred to in Article 54 is not produced, the court or competent authority may specify a time for its production or accept an equivalent document or, if it considers that it has sufficient information before it, dispense with its production.

2.   If the court or competent authority so requires, a translation of the documents shall be produced. The translation shall be certified by a person qualified to do so in one of the States bound by this Convention.

*Article 56*

No legalisation or other similar formality shall be required in respect of the documents referred to in Article 53 or Article 55(2), or in respect of a document appointing a representative *ad litem*.

TITLE IV

**AUTHENTIC INSTRUMENTS AND COURT SETTLEMENTS**

*Article 57*

1.   A document which has been formally drawn up or registered as an authentic instrument and is enforceable in one State bound by this Convention shall, in another State bound by this Convention, be declared enforceable there, on application made in accordance with the procedures provided for in Article 38, et seq. The court with which an appeal is lodged under Article 43 or Article 44 shall refuse or revoke a declaration of enforceability only if enforcement of the instrument is manifestly contrary to public policy in the State addressed.

2.   Arrangements relating to maintenance obligations concluded with administrative authorities or authenticated by them shall also be regarded as authentic instruments within the meaning of paragraph 1.

3.   The instrument produced must satisfy the conditions necessary to establish its authenticity in the State of origin.

4.   Section 3 of Title III shall apply as appropriate. The competent authority of a State bound by this Convention where an authentic instrument was drawn up or registered shall issue, at the request of any interested party, a certificate using the standard form in Annex VI to this Convention.

*Article 58*

A settlement which has been approved by a court in the course of proceedings and is enforceable in the State bound by this Convention in which it was concluded shall be enforceable in the State addressed under the same conditions as authentic instruments. The court or competent authority of a State bound by this Convention where a court settlement was approved shall issue, at the request of any interested party, a certificate using the standard form in Annex V to this Convention.

TITLE V

**GENERAL PROVISIONS**

*Article 59*

1.   In order to determine whether a party is domiciled in the State bound by this Convention whose courts are seised of a matter, the court shall apply its internal law.

2.   If a party is not domiciled in the State whose courts are seised of the matter, then, in order to determine whether the party is domiciled in another State bound by this Convention, the court shall apply the law of that State.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 16 of 40 PageID #: 1483

*Article 60*

1.   For the purposes of this Convention, a company or other legal person or association of natural or legal persons is domiciled at the place where it has its:

(a)   statutory seat; or

(b)   central administration; or

(c)   principal place of business.

2.   For the purposes of the United Kingdom and Ireland 'statutory seat' means the registered office or, where there is no such office anywhere, the place of incorporation or, where there is no such place anywhere, the place under the law of which the formation took place.

3.   In order to determine whether a trust is domiciled in the State bound by this Convention whose courts are seised of the matter, the court shall apply its rules of private international law.

*Article 61*

Without prejudice to any more favourable provisions of national laws, persons domiciled in a State bound by this Convention who are being prosecuted in the criminal courts of another State bound by this Convention of which they are not nationals for an offence which was not intentionally committed may be defended by persons qualified to do so, even if they do not appear in person. However, the court seised of the matter may order appearance in person; in the case of failure to appear, a judgment given in the civil action without the person concerned having had the opportunity to arrange for his defence need not be recognised or enforced in the other States bound by this Convention.

*Article 62*

For the purposes of this Convention, the expression 'court' shall include any authorities designated by a State bound by this Convention as having jurisdiction in the matters falling within the scope of this Convention.

TITLE VI

**TRANSITIONAL PROVISIONS**

*Article 63*

1.   This Convention shall apply only to legal proceedings instituted and to documents formally drawn up or registered as authentic instruments after its entry into force in the State of origin and, where recognition or enforcement of a judgment or authentic instruments is sought, in the State addressed.

2.   However, if the proceedings in the State of origin were instituted before the entry into force of this Convention, judgments given after that date shall be recognised and enforced in accordance with Title III:

(a)   if the proceedings in the State of origin were instituted after the entry into force of the Lugano Convention of 16 September 1988 both in the State of origin and in the State addressed;

(b)   in all other cases, if jurisdiction was founded upon rules which accorded with those provided for either in Title II or in a convention concluded between the State of origin and the State addressed which was in force when the proceedings were instituted.

TITLE VII

**RELATIONSHIP TO COUNCIL REGULATION (EC) No 44/2001 AND OTHER INSTRUMENTS**

*Article 64*

1.   This Convention shall not prejudice the application by the Member States of the European Community of the Council Regulation (EC) No 44/2001 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters, as well as any amendments thereof, of the Convention on Jurisdiction and the

EN

Enforcement of Judgments in Civil and Commercial Matters, signed at Brussels on 27 September 1968, and of the Protocol on interpretation of that Convention by the Court of Justice of the European Communities, signed at Luxembourg on 3 June 1971, as amended by the Conventions of Accession to the said Convention and the said Protocol by the States acceding to the European Communities, as well as of the Agreement between the European Community and the Kingdom of Denmark on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters, signed at Brussels on 19 October 2005.

2. However, this Convention shall in any event be applied:

(a) in matters of jurisdiction, where the defendant is domiciled in the territory of a State where this Convention but not an instrument referred to in paragraph 1 of this Article applies, or where Articles 22 or 23 of this Convention confer jurisdiction on the courts of such a State;

(b) in relation to *lis pendens* or to related actions as provided for in Articles 27 and 28, when proceedings are instituted in a State where the Convention but not an instrument referred to in paragraph 1 of this Article applies and in a State where this Convention as well as an instrument referred to in paragraph 1 of this Article apply;

(c) in matters of recognition and enforcement, where either the State of origin or the State addressed is not applying an instrument referred to in paragraph 1 of this Article.

3. In addition to the grounds provided for in Title III, recognition or enforcement may be refused if the ground of jurisdiction on which the judgment has been based differs from that resulting from this Convention and recognition or enforcement is sought against a party who is domiciled in a State where this Convention but not an instrument referred to in paragraph 1 of this Article applies, unless the judgment may otherwise be recognised or enforced under any rule of law in the State addressed.

*Article 65*

Subject to the provisions of Articles 63(2), 66 and 67, this Convention shall, as between the States bound by this Convention, supersede the conventions concluded between two or more of them that cover the same matters as those to which this Convention applies. In particular, the conventions mentioned in Annex VII shall be superseded.

*Article 66*

1. The conventions referred to in Article 65 shall continue to have effect in relation to matters to which this Convention does not apply.

2. They shall continue to have effect in respect of judgments given and documents formally drawn up or registered as authentic instruments before the entry into force of this Convention.

*Article 67*

1. This Convention shall not affect any conventions by which the Contracting Parties and/or the States bound by this Convention are bound and which in relation to particular matters, govern jurisdiction or the recognition or enforcement of judgments. Without prejudice to obligations resulting from other agreements between certain Contracting Parties, this Convention shall not prevent Contracting Parties from entering into such conventions.

2. This Convention shall not prevent a court of a State bound by this Convention and by a convention on a particular matter from assuming jurisdiction in accordance with that convention, even where the defendant is domiciled in another State bound by this Convention which is not a party to that convention. The court hearing the action shall, in any event, apply Article 26 of this Convention.

3. Judgments given in a State bound by this Convention by a court in the exercise of jurisdiction provided for in a convention on a particular matter shall be recognised and enforced in the other States bound by this Convention in accordance with Title III of this Convention.

4.   In addition to the grounds provided for in Title III, recognition or enforcement may be refused if the State addressed is not bound by the convention on a particular matter and the person against whom recognition or enforcement is sought is domiciled in that State, or, if the State addressed is a Member State of the European Community and in respect of conventions which would have to be concluded by the European Community, in any of its Member States, unless the judgment may otherwise be recognised or enforced under any rule of law in the State addressed.

5.   Where a convention on a particular matter to which both the State of origin and the State addressed are parties lays down conditions for the recognition or enforcement of judgments, those conditions shall apply. In any event, the provisions of this Convention which concern the procedures for recognition and enforcement of judgments may be applied.

*Article 68*

1.   This Convention shall not affect agreements by which States bound by this Convention undertook, prior to the entry into force of this Convention, not to recognise judgments given in other States bound by this Convention against defendants domiciled or habitually resident in a third State where, in cases provided for in Article 4, the judgment could only be founded on a ground of jurisdiction as specified in Article 3(2). Without prejudice to obligations resulting from other agreements between certain Contracting Parties, this Convention shall not prevent Contracting Parties from entering into such conventions.

2.   However, a Contracting Party may not assume an obligation towards a third State not to recognise a judgment given in another State bound by this Convention by a court basing its jurisdiction on the presence within that State of property belonging to the defendant, or the seizure by the plaintiff of property situated there:

(a)   if the action is brought to assert or declare proprietary or possessory rights in that property, seeks to obtain authority to dispose of it, or arises from another issue relating to such property; or

(b)   if the property constitutes the security for a debt which is the subject-matter of the action.

TITLE VIII

**FINAL PROVISIONS**

*Article 69*

1.   The Convention shall be open for signature by the European Community, Denmark, and States which, at the time of the opening for signature, are Members of the European Free Trade Association.

2.   This Convention shall be subject to ratification by the Signatories. The instruments of ratification shall be deposited with the Swiss Federal Council, which shall act as Depositary of this Convention.

3.   At the time of the ratification, the Contracting Parties may submit declarations in accordance with Articles I, II and III of Protocol 1.

4.   The Convention shall enter into force on the first day of the sixth month following the date on which the European Community and a Member of the European Free Trade Association deposit their instruments of ratification.

5.   The Convention shall enter into force in relation to any other Party on the first day of the third month following the deposit of its instrument of ratification.

6.   Without prejudice to Article 3(3) of Protocol 2, this Convention shall replace the Convention on jurisdiction and the enforcement of judgments in civil and commercial matters done at Lugano on 16 September 1988 as of the date of its entry into force in accordance with paragraphs 4 and 5 above. Any reference to the 1988 Lugano Convention in other instruments shall be understood as a reference to this Convention.

7.   Insofar as the relations between the Member States of the European Community and the non-European territories referred to in Article 70(1)(b) are concerned, this Convention shall replace the Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters, signed at Brussels on 27 September 1968, and of the Protocol on interpretation of that Convention by the Court of Justice of the European Communities, signed at Luxembourg on 3 June 1971, as amended by the Conventions of Accession to the said Convention and the said Protocol by the States acceding to the European Communities, as of the date of the entry into force of this Convention with respect to these territories in accordance with Article 73(2).

### Article 70

1.   After entering into force this Convention shall be open for accession by:

(a)   the States which, after the opening of this Convention for signature, become Members of the European Free Trade Association, under the conditions laid down in Article 71;

(b)   Member States of the European Community acting on behalf of certain non-European territories that are part of the territory of that Member State or for whose external relations that Member State is responsible, under the conditions laid down in Article 71;

(c)   any other State, under the conditions laid down in Article 72.

2.   States referred to in paragraph 1, which wish to become a Contracting Party to this Convention, shall address their application to the Depositary. The application, including the information referred to in Articles 71 and 72 shall be accompanied by a translation into English and French.

### Article 71

1.   Any State referred to in Article 70(1)(a) and (b) wishing to become a Contracting Party to this Convention:

(a)   shall communicate the information required for the application of this Convention;

(b)   may submit declarations in accordance with Articles I and III of Protocol 1.

2.   The Depositary shall transmit any information received pursuant to paragraph 1 to the other Contracting Parties prior to the deposit of the instrument of accession by the State concerned.

### Article 72

1.   Any State referred to in Article 70(1)(c) wishing to become a Contracting Party to this Convention:

(a)   shall communicate the information required for the application of this Convention;

(b)   may submit declarations in accordance with Articles I and III of Protocol 1; and

(c)   shall provide the Depositary with information on, in particular:

   (1)   their judicial system, including information on the appointment and independence of judges;

   (2)   their internal law concerning civil procedure and enforcement of judgments; and

   (3)   their private international law relating to civil procedure.

2.   The Depositary shall transmit any information received pursuant to paragraph 1 to the other Contracting Parties prior to inviting the State concerned to accede in accordance with paragraph 3 of this Article.

3.   Without prejudice to paragraph 4, the Depositary shall invite the State concerned to accede only if it has obtained the unanimous agreement of the Contracting Parties. The Contracting Parties shall endeavour to give their consent at the latest within one year after the invitation by the Depositary.

4.   The Convention shall enter into force only in relations between the acceding State and the Contracting Parties which have not made any objections to the accession before the first day of the third month following the deposit of the instrument of accession.

*Article 73*

1.   The instruments of accession shall be deposited with the Depositary.

2.   In respect of an acceding State referred to in Article 70, the Convention shall enter into force on the first day of the third month following the deposit of its instrument of accession. As of that moment, the acceding State shall be considered a Contracting Party to the Convention.

3.   Any Contracting Party may submit to the Depositary a text of this Convention in the language or languages of the Contracting Party concerned, which shall be authentic if so agreed by the Contracting Parties in accordance with Article 4 of Protocol 2.

*Article 74*

1.   This Convention is concluded for an unlimited period.

2.   Any Contracting Party may, at any time, denounce the Convention by sending a notification to the Depositary.

3.   The denunciation shall take effect at the end of the calendar year following the expiry of a period of six months from the date of receipt by the Depositary of the notification of denunciation.

*Article 75*

The following are annexed to this Convention:

— a Protocol 1, on certain questions of jurisdiction, procedure and enforcement,

— a Protocol 2, on the uniform interpretation of this Convention and on the Standing Committee,

— a Protocol 3, on the application of Article 67 of this Convention,

— Annexes I through IV and Annex VII, with information related to the application of this Convention,

— Annexes V and VI, containing the certificates referred to in Articles 54, 58 and 57 of this Convention,

— Annex VIII, containing the authentic languages referred to in Article 79 of this Convention, and

— Annex IX, concerning the application of Article II of Protocol 1.

These Protocols and Annexes shall form an integral part of this Convention.

*Article 76*

Without prejudice to Article 77, any Contracting Party may request the revision of this Convention. To that end, the Depositary shall convene the Standing Committee as laid down in Article 4 of Protocol 2.

*Article 77*

1.   The Contracting Parties shall communicate to the Depositary the text of any provisions of the laws which amend the lists set out in Annexes I through IV as well as any deletions in or additions to the list set out in Annex VII and the date of their entry into force. Such communication shall be made within reasonable time before the entry into force and be accompanied by a translation into English and French. The Depositary shall adapt the Annexes concerned accordingly, after having consulted the Standing Committee in accordance with Article 4 of Protocol 2. For that purpose, the Contracting Parties shall provide a translation of the adaptations into their languages.

EN

2.   Any amendment of Annexes V through VI and VIII through IX to this Convention shall be adopted by the Standing Committee in accordance with Article 4 of Protocol 2.

*Article 78*

1.   The Depositary shall notify the Contracting Parties of:

(a)   the deposit of each instrument of ratification or accession;

(b)   the dates of entry into force of this Convention in respect of the Contracting Parties;

(c)   any declaration received pursuant to Articles I to IV of Protocol 1;

(d)   any communication made pursuant to Article 74(2), Article 77(1) and paragraph 4 of Protocol 3.

2.   The notifications will be accompanied by translations into English and French.

*Article 79*

This Convention, drawn up in a single original in the languages listed in Annex VIII, all texts being equally authentic, shall be deposited in the Swiss Federal Archives. The Swiss Federal Council shall transmit a certified copy to each Contracting Party.

IN WITNESS WHEREOF, the undersigned Plenipotentiaries, have signed this Convention.

Съставено в Лугано на тридесети октомври две хиляди и седма година.

Hecho en Lugano el treinta de octubre de dos mil siete.

V Luganu dne třicátého října dva tisíce sedm.

Udfærdiget i Lugano, den tredivte oktober to tusind og syv.

Geschehen zu Lugano am dreißigsten Oktober zweitausendsieben.

Lugano, kolmekümnes oktoober kaks tuhat seitse

Έγινε στο Λουγκάνο στις τριάντα Οκτωβρίου του έτους δύο χιλιάδες επτά.

Done at Lugano, on the thirtieth day of October in the year two thousand and seven.

Fait à Lugano, le trente octobre deux mille sept.

Arna dhéanamh in Lugano, an tríochadú lá de Dheireadh Fómhair sa bhliain dhá mhíle a seacht.

Fatto a Lugano, addì trenta ottobre duemilasette

Gerður í Lúganó þrítugasta dag október mánaðar árið tvö þúsund og sjö.

Lugâno, divi tūkstoði septītā gada trīsdesmitajā oktobrī.

Priimta Lugane, du tūkstanèiai septintais metais spalio trisdeðimtà dienà.

Kelt Luganóban, a kétezer-hetedik év október havának harmincadik napján.

Magħmul f'Lugano, fit-tlettax-il jum ta' Ottubru fis-sena elfejn u seba'.

Gedaan te Lugano, op dertig oktober tweeduizend zeven.

Utferdiget i Lugano den trettiende oktober totusenogsyv.

Sporządzono w Lugano dnia trzydziestego października dwa tysiące siódmego roku

Feito em Lugano, aos trinta dias de Outubro do ano de dois mil e sete

Încheiată la Lugano, la treizeci octombrie anul două mii șapte.

V Lugane tridsiateho októbra dvetisícsedem.

Sestavljeno v Luganu, tridesetega oktobra leta dva tisoč sedem.

Tehty Luganossa kolmantenakymmenentenä päivänä lokakuuta vuonna kaksituhattaseitsemän.

Utfärdad i Lugano den trettionde oktober år tjugohundrasju.

За Европейската общност
Por la Comunidad Europea
Za Evropské společenstvi
For Det Europæiske Fællesskab
Für die Europäische Gemeinschaft
Euroopa Ühenduse nimel
Thar ceann an Chomhphobail Eorpaigh
Για την Ευρωπαϊκή Κοινότητα
For the European Community
Pour la Communauté européenne
Thar ceann an Chomhphobail Eorpaigh
Per la Comunità europea
Europos bendrijos vārdā
az Európai Közösség részéről
Ghall-Komunità Ewropea
Voor de Europese Gemeenschap
W imieniu Wspólnoty Europejskiej
Pela Comunidade Europeia
Pentru Comunitatea Europeană
Za Európske spoločenstvo
Za Evropsko skupnost
Euroopan yhteisön puolesta
På Europeiska gemenskapens vägnar

For Kongeriget Danmark

Fyrir hönd lýðveldisins Íslands

For Kongeriket Norge

Für die Schweizerische Eidgenossenschaft
Pour la Confédération suisse
Per la Confederazione svizzera

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 24 of 40 PageID #: 1491

# PROTOCOL 1

## on certain questions of jurisdiction, procedure and enforcement

THE HIGH CONTRACTING PARTIES HAVE AGREED AS FOLLOWS:

### Article I

1. Judicial and extrajudicial documents drawn up in one State bound by this Convention which have to be served on persons in another State bound by this Convention shall be transmitted in accordance with the procedures laid down in the conventions and agreements applicable between these States.

2. Unless the Contracting Party on whose territory service is to take place objects by declaration to the Depositary, such documents may also be sent by the appropriate public officers of the State in which the document has been drawn up directly to the appropriate public officers of the State in which the addressee is to be found. In this case the officer of the State of origin shall send a copy of the document to the officer of the State applied to who is competent to forward it to the addressee. The document shall be forwarded in the manner specified by the law of the State applied to. The forwarding shall be recorded by a certificate sent directly to the officer of the State of origin.

3. Member States of the European Community bound by Council Regulation (EC) No 1348/2000 of 29 May 2000 or by the Agreement between the European Community and the Kingdom of Denmark on the service of judicial and extrajudicial documents in civil or commercial matters, signed at Brussels on 19 October 2005, shall apply in their mutual relations that Regulation and that Agreement.

### Article II

1. The jurisdiction specified in Articles 6(2) and 11 in actions on a warranty or guarantee or in any other third party proceedings may not be fully resorted to in the States bound by this Convention referred to in Annex IX. Any person domiciled in another State bound by this Convention may be sued in the courts of these States pursuant to the rules referred to in Annex IX.

2. At the time of ratification the European Community may declare that proceedings referred to in Articles 6 (2) and 11 may not be resorted to in some other Member States and provide information on the rules that shall apply.

3. Judgments given in the other States bound by this Convention by virtue of Article 6(2) or Article 11 shall be recognised and enforced in the States mentioned in paragraphs 1 and 2 in accordance with Title III. Any effects which judgments given in these States may have on third parties by application of the provisions in paragraphs 1 and 2 shall also be recognised in the other States bound by this Convention.

### Article III

1. Switzerland reserves the right to declare upon ratification that it will not apply the following part of the provision in Article 34(2):

'unless the defendant failed to commence proceedings to challenge the judgment when it was possible for him to do so'.

If Switzerland makes such declaration, the other Contracting Parties shall apply the same reservation in respect of judgments rendered by the courts of Switzerland.

2. Contracting Parties may, in respect of judgments rendered in an acceding State referred to in Article 70(1)(c), by declaration reserve:

(a) the right mentioned in paragraph 1; and

(b) the right of an authority mentioned in Article 39, notwithstanding the provisions of Article 41, to examine of its own motion whether any of the grounds for refusal of recognition and enforcement of a judgment is present or not.

Case 1:16-cv-02327-RJD-RML Document 35-4 Filed 08/12/16 Page 25 of 40 PageID #: 1492

3.   If a Contracting Party has made such a reservation towards an acceding State as referred to in paragraph 2, this acceding State may by declaration reserve the same right in respect of judgments rendered by the courts of that Contracting Party.

4.   Except for the reservation mentioned in paragraph 1, the declarations are valid for periods of five years and are renewable at the end of such periods. The Contracting Party shall notify a renewal of a declaration referred to under paragraph 2 not later than six months prior to the end of such period. An acceding State may only renew its declaration made under paragraph 3 after renewal of the respective declaration under paragraph 2.

*Article IV*

The declarations referred to in this Protocol may be withdrawn at any time by notification to the Depositary. The notification shall be accompanied by a translation into English and French. The Contracting Parties provide for translations into their languages. Any such withdrawal shall take effect as of the first day of the third month following that notification.

# PROTOCOL 2

## on the uniform interpretation of the Convention and on the Standing Committee

PREAMBLE

THE HIGH CONTRACTING PARTIES,

HAVING REGARD to Article 75 of this Convention,

CONSIDERING the substantial link between this Convention, the 1988 Lugano Convention, and the instruments referred to in Article 64(1) of this Convention,

CONSIDERING that the Court of Justice of the European Communities has jurisdiction to give rulings on the interpretation of the provisions of the instruments referred to in Article 64(1) of this Convention,

CONSIDERING that this Convention becomes part of Community rules and that therefore the Court of Justice of the European Communities has jurisdiction to give rulings on the interpretation of the provisions of this Convention as regards the application by the courts of the Member States of the European Community,

BEING AWARE of the rulings delivered by the Court of Justice of the European Communities on the interpretation of the instruments referred to in Article 64(1) of this Convention up to the time of signature of this Convention, and of the rulings delivered by the courts of the Contracting Parties to the 1988 Lugano Convention on the latter Convention up to the time of signature of this Convention,

CONSIDERING that the parallel revision of both the 1988 Lugano and Brussels Conventions, which led to the conclusion of a revised text for these Conventions, was substantially based on the above mentioned rulings on the 1968 Brussels and the 1988 Lugano Conventions,

CONSIDERING that the revised text of the Brussels Convention has been incorporated, after the entry into force of the Amsterdam Treaty, into Regulation (EC) No 44/2001,

CONSIDERING that this revised text also constituted the basis for the text of this Convention,

DESIRING to prevent, in full deference to the independence of the courts, divergent interpretations and to arrive at an interpretation as uniform as possible of the provisions of this Convention and of those of the Regulation (EC) No 44/2001 which are substantially reproduced in this Convention and of other instruments referred to in Article 64(1) of this Convention,

HAVE AGREED AS FOLLOWS:

*Article 1*

1.  Any court applying and interpreting this Convention shall pay due account to the principles laid down by any relevant decision concerning the provision(s) concerned or any similar provision(s) of the 1988 Lugano Convention and the instruments referred to in Article 64(1) of the Convention rendered by the courts of the States bound by this Convention and by the Court of Justice of the European Communities.

2.  For the courts of Member States of the European Community, the obligation laid down in paragraph 1 shall apply without prejudice to their obligations in relation to the Court of Justice of the European Communities resulting from the Treaty establishing the European Community or from the Agreement between the European Community and the Kingdom of Denmark on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters, signed at Brussels on 19 October 2005.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 27 of 40 PageID #: 1494

*Article 2*

Any State bound by this Convention and which is not a Member State of the European Community is entitled to submit statements of case or written observations, in accordance with Article 23 of the Protocol on the Statute of the Court of Justice of the European Communities, where a court or tribunal of a Member State of the European Community refers to the Court of Justice for a preliminary ruling a question on the interpretation of this Convention or of the instruments referred to in Article 64(1) of this Convention.

*Article 3*

1.   The Commission of the European Communities shall set up a system of exchange of information concerning relevant judgments delivered pursuant to this Convention as well as relevant judgments under the 1988 Lugano Convention and the instruments referred to in Article 64(1) of this Convention. This system shall be accessible to the public and contain judgments delivered by the courts of last instance and of the Court of Justice of the European Communities as well as judgments of particular importance which have become final and have been delivered pursuant to this Convention, the 1988 Lugano Convention, and the instruments referred to in Article 64(1) of this Convention. The judgments shall be classified and provided with an abstract.

The system shall comprise the transmission to the Commission by the competent authorities of the States bound by this Convention of judgments as referred to above delivered by the courts of these States.

2.   A selection of cases of particular interest for the proper functioning of the Convention will be made by the Registrar of the Court of Justice of the European Communities, who shall present the selected case law at the meeting of experts in accordance with Article 5 of this Protocol.

3.   Until the European Communities have set up the system pursuant to paragraph 1, the Court of Justice of the European Communities shall maintain the system for the exchange of information established by Protocol 2 of the 1988 Lugano Convention for judgments delivered under this Convention and the 1988 Lugano Convention.

*Article 4*

1.   A Standing Committee shall be set up, composed of the representatives of the Contracting Parties.

2.   At the request of a Contracting Party, the Depositary of the Convention shall convene meetings of the Committee for the purpose of:

— a consultation on the relationship between this Convention and other international instruments,

— a consultation on the application of Article 67, including intended accessions to instruments on particular matters according to Article 67(1), and proposed legislation according to Protocol 3,

— the consideration of the accession of new States. In particular, the Committee may ask acceding States referred to in Article 70(1)(c) questions about their judicial systems and the implementation of the Convention. The Committee may also consider possible adaptations to the Convention necessary for its application in the acceding States,

— the acceptance of new authentic language versions pursuant to Article 73(3) of this Convention and the necessary amendments to Annex VIII,

— a consultation on a revision of the Convention pursuant to Article 76,

— a consultation on amendments to Annexes I through IV and Annex VII pursuant to Article 77(1),

— the adoption of amendments to Annexes V and VI pursuant to Article 77(2),

— a withdrawal of the reservations and declarations made by the Contracting Parties pursuant to Protocol 1 and necessary amendments to Annex IX.

3.   The Committee shall establish the procedural rules concerning its functioning and decision-making. These rules shall provide for the possibility to consult and decide by written procedure.

*Article 5*

1.   The Depositary may convene, whenever necessary, a meeting of experts to exchange views on the functioning of the Convention, in particular on the development of the case-law and new legislation that may influence the application of the Convention.

2.   This meeting shall be composed of experts of the Contracting Parties, of the States bound by this Convention, of the Court of Justice of the European Communities, and of the European Free Trade Association. It shall be open to any other experts whose presence is deemed appropriate.

3.   Any problems arising on the functioning of the Convention may be referred to the Standing Committee referred to in Article 4 of this Protocol for further action.

EN   Official Journal of the European Union   21.12.2007

# PROTOCOL 3

## on the application of Article 67 of the Convention

THE HIGH CONTRACTING PARTIES HAVE AGREED AS FOLLOWS:

1. For the purposes of the Convention, provisions which, in relation to particular matters, govern jurisdiction or the recognition or enforcement of judgments and which are or will be contained in acts of the institutions of the European Communities shall be treated in the same way as the conventions referred to in Article 67(1).

2. If one of the Contracting Parties is of the opinion that a provision contained in a proposed act of the institutions of the European Communities is incompatible with the Convention, the Contracting Parties shall promptly consider amending the Convention pursuant to Article 76, without prejudice to the procedure established by Protocol 2.

3. Where a Contracting Party or several Parties together incorporate some or all of the provisions contained in acts of the institutions of the European Community referred to in paragraph 1 into national law, then these provisions of national law shall be treated in the same way as the conventions referred to in Article 67(1).

4. The Contracting Parties shall communicate to the Depositary the text of the provisions mentioned in paragraph 3. Such communication shall be accompanied by a translation into English and French.

*ANNEX I*

The rules of jurisdiction referred to in Article 3(2) and 4(2) of the Convention are the following:

— in Belgium: Articles 5 through 14 of the Law of 16 July 2004 on private international law,

— in Bulgaria: Article 4(1) of the International Private Law Code,

— in the Czech Republic: Article 86 of Act No 99/1963 Coll., the Code of Civil Procedure (občanský soudní řád), as amended,

— in Denmark: Article 246(2) and (3) of the Administration of Justice Act (Lov om rettens pleje),

— in Germany: Article 23 of the code of civil procedure (Zivilprozeßordnung),

— in Estonia: Paragraph 86 of the Code of Civil Procedure (tsiviilkohtumenetluse seadustik),

— in Greece: Article 40 of the code of civil procedure (Κώδικας Πολιτικής Δικονομίας),

— in France: Articles 14 and 15 of the civil code (Code civil),

— in Iceland: Article 32 paragraph 4 of the Civil Proceedings Act (Lög um meðferð einkamála nr. 91/1991),

— in Ireland: the rules which enable jurisdiction to be founded on the document instituting the proceedings having been served on the defendant during his temporary presence in Ireland,

— in Italy: Articles 3 and 4 of Act 218 of 31 May 1995,

— in Cyprus: section 21(2) of the Courts of Justice Law No 14 of 1960, as amended,

— in Latvia: section 27 and paragraphs 3, 5, 6 and 9 of section 28 of the Civil Procedure Law (Civilprocesa likums),

— in Lithuania: Article 31 of the Code of Civil Procedure (Civilinio proceso kodeksas),

— in Luxembourg: Articles 14 and 15 of the civil code (Code civil),

— in Hungary: Article 57 of Law Decree No 13 of 1979 on International Private Law (a nemzetközi magánjogról szóló 1979. évi 13. törvényerejű rendelet),

— in Malta: Articles 742, 743 and 744 of the Code of Organisation and Civil Procedure — Cap. 12 (Kodiċi ta' Organizzazzjoni u Proċedura Ċivili — Kap. 12) and Article 549 of the Commercial Code — Cap. 13 (Kodiċi tal-kummerċ — Kap. 13),

— in Norway: Section 4-3(2) second sentence of the Dispute Act (tvisteloven),

— in Austria: Article 99 of the Law on court Jurisdiction (Jurisdiktionsnorm),

— in Poland: Articles 1103 and 1110 of the Code of Civil Procedure (Kodeks postępowania cywilnego), insofar as they establish jurisdiction on the basis of the defendant's residence in Poland, the possession by the defendant of property in Poland or his entitlement to property rights in Poland, the fact that the object of the dispute is located in Poland and the fact that one of the parties is a Polish citizen,

— in Portugal: Article 65 and Article 65A of the code of civil procedure (Código de Processo Civil) and Article 11 of the code of labour procedure (Código de Processo de Trabalho),

— in Romania: Articles 148-157 of Law No 105/1992 on Private International Law Relations,

EN    Official Journal of the European Union    21.12.2007

— in Slovenia: Article 48(2) of the Private International Law and Procedure Act (Zakon o mednarodnem zasebnem pravu in postopku) in relation to Article 47(2) of Civil Procedure Act (Zakon o pravdnem postopku) and Article 58 of the Private International Law and Procedure Act (Zakon o mednarodnem zasebnem pravu in postopku) in relation to Article 59 of Civil Procedure Act (Zakon o pravdnem postopku),

— in Slovakia: Articles 37 to 37e of Act No 97/1963 on Private International Law and the Rules of Procedure relating thereto,

— in Switzerland: le for du lieu du séquestre/Gerichtsstand des Arrestortes/foro del luogo del sequestro within the meaning of Article 4 of the loi fédérale sur le droit international privé/Bundesgesetz über das internationale Privatrecht/legge federale sul diritto internazionale privato,

— in Finland: the second, third and fourth sentences of the first paragraph of Section 1 of Chapter 10 of the Code of Judicial Procedure (oikeudenkäymiskaari/rättegångsbalken),

— in Sweden: the first sentence of the first paragraph of Section 3 of Chapter 10 of the Code of Judicial Procedure (rättegångsbalken),

— in the United Kingdom:
  the rules which enable jurisdiction to be founded on:

    (a) the document instituting the proceedings having been served on the defendant during his temporary presence in the United Kingdom; or

    (b) the presence within the United Kingdom of property belonging to the defendant; or

    (c) the seizure by the plaintiff of property situated in the United Kingdom.

―――――

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 32 of 40 PageID #: 1499

*ANNEX II*

The courts or competent authorities to which the application referred to in Article 39 of the Convention may be submitted are the following:

— in Belgium: the 'tribunal de première instance' or 'rechtbank van eerste aanleg' or 'erstinstanzliches Gericht',

— in Bulgaria: the 'Софийски градски съд',

— in the Czech Republic: the 'okresní soud' or 'soudní exekutor',

— in Denmark: the 'byret',

— in Germany:

    (a)    the presiding judge of a chamber of the 'Landgericht';

    (b)    a notary in a procedure of declaration of enforceability of an authentic instrument,

— in Estonia: the 'maakohus' (county court),

— in Greece: the 'Μονομελές Πρωτοδικείο',

— in Spain: the 'Juzgado de Primera Instancia',

— in France:

    (a)    the 'greffier en chef du tribunal de grande instance';

    (b)    the 'président de la chambre départementale des notaires' in the case of application for a declaration of enforceability of a notarial authentic instrument,

— in Ireland: the High Court,

— in Iceland: the 'héraðsdómur',

— in Italy: the 'corte d'appello',

— in Cyprus: the 'Επαρχιακό Δικαστήριο' or in the case of a maintenance judgment the 'Οικογενειακό Δικαστήριο',

— in Latvia: the 'rajona (pilsētas) tiesa',

— in Lithuania: the 'Lietuvos apeliacinis teismas',

— in Luxembourg: the presiding judge of the 'tribunal d'arrondissement',

— in Hungary: the 'megyei bíróság székhelyén működő helyi bíróság', and in Budapest the 'Budai Központi Kerületi Bíróság',

— in Malta: the 'Prim' Awla tal-Qorti Ċivili' or 'Qorti tal-Maġistrati ta' Għawdex fil-ġurisdizzjoni superjuri tagħha', or, in the case of a maintenance judgment, the 'Reġistratur tal-Qorti' on transmission by the 'Ministru responsabbli għall-Ġustizzja',

— in the Netherlands: the 'voorzieningenrechter van de rechtbank',

— in Norway: the 'tingrett',

— in Austria: the 'Bezirksgericht',

— in Poland: the 'sąd okręgowy',

— in Portugal: the 'Tribunal de Comarca',

— in Romania: the 'Tribunal',

— in Slovenia: the 'okrožno sodišče',

— in Slovakia: the 'okresný súd',

— in Switzerland:

(a) in respect of judgments ordering the payment of a sum of money, the 'juge de la mainlevée'/ 'Rechtsöffnungsrichter'/'giudice competente a pronunciare sul rigetto dell'opposizione', within the framework of the procedure governed by Articles 80 and 81 of the loi fédérale sur la poursuite pour dettes et la faillite/ Bundesgesetz über Schuldbetreibung und Konkurs/legge federale sulla esecuzione e sul fallimento;

(b) in respect of judgments ordering a performance other than the payment of a sum of money, the 'juge cantonal d'exequatur' compétent/zuständiger 'kantonaler Vollstreckungsrichter'/'giudice cantonale' competente a pronunciare l'exequatur,

— in Finland: the 'käräjäoikeus/tingsrätt',

— in Sweden: the 'Svea hovrätt',

— in the United Kingdom:

(a) in England and Wales, the High Court of Justice, or in the case of a maintenance judgment, the Magistrates' Court on transmission by the Secretary of State;

(b) in Scotland, the Court of Session, or in the case of a maintenance judgment, the Sheriff Court on transmission by the Secretary of State;

(c) in Northern Ireland, the High Court of Justice, or in the case of a maintenance judgment, the Magistrates' Court on transmission by the Secretary of State;

(d) in Gibraltar, the Supreme Court of Gibraltar, or in the case of a maintenance judgment, the Magistrates' Court on transmission by the Attorney General of Gibraltar.

———

*ANNEX III*

The courts with which appeals referred to in Article 43(2) of the Convention may be lodged are the following:

— in Belgium:

    (a)    as regards appeal by the defendant, the 'tribunal de première instance' or 'rechtbank van eerste aanleg' or 'erstinstanzliche Gericht';

    (b)    as regards appeal by the applicant: the 'cour d'appel' or 'hof van beroep',

— in Bulgaria: the 'Апелативен съд — София',

— in the Czech Republic: the court of appeal through the district court,

— in Denmark: the 'landsret',

— in the Federal Republic of Germany: the 'Oberlandesgericht',

— in Estonia: the 'ringkonnakohus',

— in Greece: the 'Εφετείο',

— in Spain: el 'Juzgado de Primera Instancia' que dictó la resolución recurrida para ser resuelto el recurso por la Audiencia Provincial,

— in France:

    (a)    the 'cour d'appel' on decisions allowing the application;

    (b)    the presiding judge of the 'tribunal de grande instance', on decisions rejecting the application,

— in Ireland: the High Court,

— in Iceland: the 'héraðsdómur',

— in Italy: the 'corte d'appello',

— in Cyprus: the 'Επαρχιακό Δικαστήριο' or in the case of a maintenance judgment the 'Οικογενειακό Δικαστήριο',

— in Latvia: the 'Apgabaltiesa' via the 'rajona (pilsētas) tiesa',

— in Lithuania: the 'Lietuvos apeliacinis teismas',

— in Luxembourg: the 'Cour supérieure de justice' sitting as a court of civil appeal,

— in Hungary: the local court situated at the seat of the county court (in Budapest, the Central District Court of Buda); the appeal is adjudicated by the county court (in Budapest, the Capital Court),

— in Malta: the 'Qorti ta' l-Appell' in accordance with the procedure laid down for appeals in the 'Kodiċi ta' Organizzazzjoni u Proċedura Ċivili — Kap.12' or in the case of a maintenance judgment by 'ċitazzjoni' before the 'Prim' Awla tal-Qorti ivili jew il-Qorti tal-Maġistrati ta' Ghawdex fil-ġurisdizzjoni superjuri taghha",

— in the Netherlands: the 'rechtbank',

EN   Official Journal of the European Union

— in Norway: the 'lagmannsrett',

— in Austria: the 'Landesgericht' via the 'Bezirksgericht',

— in Poland: the 'sąd apelacyjny' via the 'sąd okręgowy',

— in Portugal: the 'Tribunal da Relação' is the competent court. The appeals are launched, in accordance with the national law in force, by way of a request addressed to the court which issued the contested decision,

— in Romania: the 'Curte de Apel',

— in Slovenia: the 'okrožno sodišče',

— in Slovakia: the court of appeal through the district court whose decision is being appealed,

— in Switzerland: the 'tribunal cantonal/Kantonsgericht/tribunale cantonale',

— in Finland: the 'hovioikeus/hovrätt',

— in Sweden: the 'Svea hovrätt',

— in the United Kingdom:

    (a) in England and Wales, the High Court of Justice, or in the case of a maintenance judgment, the Magistrates' Court;

    (b) in Scotland, the Court of Session, or in the case of a maintenance judgment, the Sheriff Court;

    (c) in Northern Ireland, the High Court of Justice, or in the case of a maintenance judgment, the Magistrates' Court;

    (d) in Gibraltar, the Supreme Court of Gibraltar, or in the case of a maintenance judgment, the Magistrates' Court.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 36 of 40 PageID #: 1503

*ANNEX IV*

The appeals which may be lodged pursuant to Article 44 of the Convention are the following:

— in Belgium: Greece, Spain, France, Italy, Luxembourg and in the Netherlands, an appeal in cassation,

— in Bulgaria: 'обжалване пред Върховния касационен съд',

— in the Czech Republic: a 'dovolání' and a 'žaloba pro zmatečnost',

— in Denmark: an appeal to the 'højesteret', with the leave of the 'Procesbevillingsnævnet',

— in the Federal Republic of Germany: a 'Rechtsbeschwerde',

— in Estonia: a 'kassatsioonkaebus',

— in Ireland: an appeal on a point of law to the Supreme Court,

— in Iceland: an appeal to the 'Hæstiréttur',

— in Cyprus: an appeal to the Supreme Court,

— in Latvia: an appeal to the 'Augstākās tiesas Senāts' via the 'Apgabaltiesa',

— in Lithuania: an appeal to the 'Lietuvos Aukščiausiasis Teismas',

— in Hungary: 'felülvizsgálati kérelem',

— in Malta: no further appeal lies to any other court; in the case of a maintenance judgment the 'Qorti ta' l-Appell' in accordance with the procedure laid down for appeal in the 'kodiċi ta' Organizzazzjoni u Procedura Ċivili — Kap. 12',

— in Norway: an appeal to the 'Høyesteretts Ankeutvalg' or 'Høyesterett',

— in Austria: a 'Revisionsrekurs',

— in Poland: 'skarga kasacyjna',

— in Portugal: an appeal on a point of law,

— in Romania: a 'contestaţie în anulare' or a 'revizuire',

— in Slovenia: an appeal to the 'Vrhovno sodišče Republike Slovenije',

— in Slovakia: the 'dovolanie',

— in Switzerland: a 'recours devant le Tribunal fédéral'/'Beschwerde beim Bundesgericht'/'ricorso davanti al Tribunale federale',

— in Finland: an appeal to the 'korkein oikeus/högsta domstolen',

— in Sweden: an appeal to the 'Högsta domstolen',

— in the United Kingdom: a single further appeal on a point of law.

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 37 of 40 PageID #: 1504

*ANNEX V*

Certificate on judgments and court settlements referred to in Articles 54 and 58 of the Convention on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

1.    State of origin

2.    Court or competent authority issuing the certificate

    2.1.   Name

    2.2.   Address

    2.3.   Tel./fax/e-mail

3.    Court which delivered the judgment/approved the court settlement (*)

    3.1.   Type of court

    3.2.   Place of court

4.    Judgment/court settlement (*)

    4.1.   Date

    4.2.   Reference number

    4.3.   The parties to the judgment/court settlement (*)

        4.3.1. Name(s) of plaintiff(s)

        4.3.2. Name(s) of defendant(s)

        4.3.3. Name(s) of other party(ies), if any

    4.4.   Date of service of the document instituting the proceedings where judgment was given in default of appearance

    4.5.   Text of the judgment/court settlement (*) as annexed to this certificate

5.    Names of parties to whom legal aid has been granted

The judgment/court settlement (*) is enforceable in the State of origin (Article 38/58 of the Convention) against:

    Name:

    Done at …, date …

    Signature and/or stamp

(*)   Delete as appropriate.

*ANNEX VI*

Certificate on authentic instruments referred to in Article 57(4) of the Convention on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters

1.  State of origin

2.  Court or competent authority issuing the certificate

    2.1.  Name

    2.2.  Address

    2.3.  Tel./fax/e-mail

3.  Authority which has given authenticity to the instrument

    3.1.  Authority involved in the drawing up of the authentic instrument (if applicable)

        3.1.1. Name and designation of authority

        3.1.2. Place of authority

    3.2.  Authority which has registered the authentic instrument (if applicable)

        3.2.1. Type of authority

        3.2.2. Place of authority

4.  Authentic instrument

    4.1.  Description of the instrument

    4.2.  Date

        4.2.1. On which the instrument was drawn up

        4.2.2. If different: on which the instrument was registered

    4.3.  Reference number

    4.4.  Parties to the instrument

        4.4.1. Name of the creditor

        4.4.2. Name of the debtor

5.  Text of the enforceable obligation as annexed to this certificate.

The authentic instrument is enforceable against the debtor in the State of origin (Article 57(1) of the Convention).

Done at …, date …

Signature and/or stamp

EN   Official Journal of the European Union   21.12.2007

*ANNEX VII*

The conventions superseded pursuant to Article 65 of the Convention are, in particular, the following:

— the Treaty between the Swiss Confederation and Spain on the mutual enforcement of judgments in civil or commercial matters, signed at Madrid on 19 November 1896,

— the Convention between the Czechoslovak Republic and the Swiss Confederation on the recognition and enforcement of judgments with additional protocol, signed at Bern on 21 December 1926,

— the Convention between the Swiss Confederation and the German Reich on the recognition and enforcement of judgments and arbitration awards, signed at Berne on 2 November 1929,

— the Convention between Denmark, Finland, Iceland, Norway and Sweden on the recognition and enforcement of judgments, signed at Copenhagen on 16 March 1932,

— the Convention between the Swiss Confederation and Italy on the recognition and enforcement of judgments, signed at Rome on 3 January 1933,

— the Convention between Sweden and the Swiss Confederation on the recognition and enforcement of judgments and arbitral awards signed at Stockholm on 15 January 1936,

— the Convention between the Swiss Confederation and Belgium on the recognition and enforcement of judgments and arbitration awards, signed at Berne on 29 April 1959,

— the Convention between Austria and the Swiss Confederation on the recognition and enforcement of judgments, signed at Berne on 16 December 1960,

— the Convention between Norway and the United Kingdom providing for the reciprocal recognition and enforcement of judgments in civil matters, signed at London on 12 June 1961,

— the Convention between Norway and the Federal Republic of Germany on the recognition and enforcement of judgments and enforceable documents, in civil and commercial matters, signed at Oslo on 17 June 1977,

— the Convention between Denmark, Finland, Iceland, Norway and Sweden on the recognition and enforcement of judgments in civil matters, signed at Copenhagen on 11 October 1977, and

— the Convention between Norway and Austria on the recognition and enforcement of judgments in civil matters, signed at Vienna on 21 May 1984.

―――

Case 1:16-cv-02327-RJD-RML   Document 35-4   Filed 08/12/16   Page 40 of 40 PageID #: 1507

*ANNEX VIII*

The languages referred to in Article 79 of the Convention are Bulgarian, Czech, Danish, Dutch, English, Estonian, Finnish, French, German, Greek, Hungarian, Icelandic, Irish, Italian, Latvian, Lithuanian, Maltese, Norwegian, Polish, Portuguese, Romanian, Slovak, Slovenian, Spanish and Swedish.

———

*ANNEX IX*

The States and the rules referred to in Article II of Protocol 1 are the following:

— Germany: Articles 68, 72, 73 and 74 of the code of civil procedure (*Zivilprozeßordnung*) concerning third-party notices,

— Austria: Article 21 of the code of civil procedure (*Zivilprozeßordnung*) concerning third-party notices,

— Hungary: Articles 58 to 60 of the Code of Civil Procedure (*Polgári perrendtartás*) concerning third-party notices,

— Switzerland, with respect to those cantons whose applicable code of civil procedure does not provide for the jurisdiction referred to in Articles 6(2) and 11 of the Convention: the appropriate provisions concerning third-party notices (*litis denuntiatio*) of the applicable code of civil procedure.