# EXHIBIT 6

SOCIÉTÉ FINANCIÈRE ET INDUSTRIELLE DU PELOUX

JUDGMENT OF THE COURT (Second Chamber)

12 May 2005 *

In Case C-112/03,

REFERENCE to the Court for a preliminary ruling under the Protocol of 3 June 1971 on the interpretation by the Court of Justice of the Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters, from the Cour d'Appel, Grenoble (France), by decision of 20 February 2003, received at the Court on 13 March 2003, in the proceedings

**Société financière et industrielle du Peloux**

v

**Axa Belgium and Others,**

**Gerling Konzern Belgique SA,**

**Établissements Bernard Laiterie du Chatelard,**

**Calland Réalisations SARL,**

* Language of the case: French.

I - 3727

**Joseph Calland,**

**Maurice Picard,**

**Abeille Assurances Cie,**

**Mutuelles du Mans SA,**

**SMABTP,**

**Axa Corporate Solutions Assurance SA,**

**Zurich International France SA,**

THE COURT (Second Chamber),

composed of C.W.A. Timmermans, President of the Chamber, R. Silva de Lapuerta, J. Makarczyk, P. Kūris and J. Klučka (Rapporteur), Judges,

Advocate General: A. Tizzano,
Registrar: K. Sztranc, Administrator,

having regard to the written procedure and further to the hearing on 27 October 2004,

SOCIÉTÉ FINANCIÈRE ET INDUSTRIELLE DU PELOUX

after considering the observations submitted on behalf of:

— Axa Belgium and Others, J.-P. Caston and I. Scheidecker, lawyers,

— Gerling Konzern Belgium SA, by SCP HPMBC Rostain, lawyers,

— Mutuelles du Mans SA, by C. Michel, lawyer,

— the French Government, by G. de Bergues and A. Bodard-Hermant, acting as Agents,

— the United Kingdom Government, by R. Caudwell, acting as Agent, assisted by J. Stratford, barrister,

— the Commission of the European Communities, by A.-M. Rouchaud-Joët, acting as Agent,

after hearing the Opinion of the Advocate General at the sitting on 16 December 2004,

gives the following

**Judgment**

1   This reference for a preliminary ruling concerns the interpretation of Article 12(3) of the Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters (OJ 1978 L 304, p. 36), as amended by

the Convention of 9 October 1978 on the accession of the Kingdom of Denmark, Ireland and the United Kingdom of Great Britain and Northern Ireland (OJ 1978 L 304, p. 1, and — amended text — p. 77), by the Convention of 25 October 1982 on the accession of the Hellenic Republic (OJ 1982 L 388, p. 1), by the Convention of 26 May 1989 on the accession of the Kingdom of Spain and the Portuguese Republic (OJ 1989 L 285, p. 1) and by the Convention of 29 November 1996 on the accession of the Republic of Austria, the Republic of Finland and the Kingdom of Sweden (OJ 1997 C 15, p. 1) ('the Brussels Convention' or 'the Convention').

2    The question was raised in a proceeding concerning a ruling as to jurisdiction pending before the Cour d'Appel, Grenoble, between Société financière et industrielle du Peloux, formerly Plast'Europ SA (hereinafter 'SFIP'), a company incorporated under French law, the insurers Axa Belgium, formerly AXA Royale Belge SA (hereinafter 'Axa Belgium'), Zurich Assurances SA (hereinafter 'Zurich Assurances'), AIG Europe SA (hereinafter 'AIG Europe'), Fortis Corporate Insurance SA (hereinafter 'Fortis'), Gerling Konzern Belgique SA (hereinafter 'Gerling'), Axa Corporate Solutions Assurance SA (hereinafter 'Axa Corporate') and Zurich International France SA (hereinafter 'Zurich International France'), concerning the enforceability of a jurisdiction clause in third-party proceedings commenced by SFIP against its co-insurers under a group insurance contract.

**Law**

3    Article 7 of the Brussels Convention, in Title II, Section 3, thereof, concerning jurisdiction in matters relating to insurance, provides:

'In matters relating to insurance, jurisdiction shall be determined by this Section …'

I - 3730

SOCIÉTÉ FINANCIÈRE ET INDUSTRIELLE DU PELOUX

4    Article 8 of the Convention provides:

'An insurer domiciled in a Contracting State may be sued:

1.   in the courts of the State where he is domiciled, or

2.   in another Contracting State, in the courts for the place where the policy-holder is domiciled, or

3.   if he is a co-insurer, in the courts of a Contracting State in which proceedings are brought against the leading insurer.

...'.

5    Article 9 of the Convention is worded as follows:

'In respect of liability insurance ..., the insurer may in addition be sued in the courts for the place where the harmful event occurred. ...'

I - 3731

6    Under Article 10 of the Convention:

'In respect of liability insurance, the insurer may also, if the law of the court permits it, be joined in proceedings which the injured party had brought against the insured.

...'

7    Article 11 of the Convention provides:

'Without prejudice to the provisions of the third paragraph of Article 10, an insurer may bring proceedings only in the courts of the Contracting State in which the defendant is domiciled, irrespective of whether he is the policy-holder, the insured or a beneficiary.

...'

8    Article 12 of the Convention provides:

'The provisions of this Section may be departed from only by an agreement on jurisdiction:

...

I - 3732

SOCIÉTÉ FINANCIÈRE ET INDUSTRIELLE DU PELOUX

2.  which allows the policy-holder, the insured or a beneficiary to bring proceedings in courts other than those indicated in this Section, or

3.  which is concluded between a policy-holder and an insurer, both of whom are domiciled in the same Contracting State, and which has the effect of conferring jurisdiction on the courts of that State even if the harmful event were to occur abroad, provided that such an agreement is not contrary to the law of that State, …

…,'

9  Under Article 17 of the Brussels Convention, in Title II, Section 6, concerning agreements conferring jurisdiction:

'If the parties, one or more of whom is domiciled in a Contracting State, have agreed that a court or the courts of a Contracting State are to have jurisdiction to settle any disputes which have arisen or which may arise in connection with a particular legal relationship, that court or those courts shall have exclusive jurisdiction. Such an agreement conferring jurisdiction shall be either:

(a)  in writing or evidenced in writing; or

(b) in a form which accords with practices which the parties have established between themselves;

…

Agreements … conferring jurisdiction shall have no legal force if they are contrary to the provisions of [Article] 12 …

…'

**The main proceedings and the question referred to the Court of Justice**

10   Calland Réalisations SARL (hereinafter 'Calland'), which is insured with Abeille Assurances Cie (hereinafter 'Abeille'), a French insurer incorporated under French law, undertook in 1990 the construction of a cheese production plant on behalf of Établissements Bernard Laiterie du Chatelard (hereinafter 'Laiterie du Chatelard'), a company incorporated under French law, using for all the building works panels manufactured by SFIP.

11   An expert's report ordered by Laiterie du Chatelard concluded that the panels in question were subject to design and manufacturing defects, rendering the premises unfit for use. The cost of remedial work was estimated at about EUR 610 000.

12   SFIP was insured when those works were carried out with a number of French lead and following insurers. As a subsidiary of Recticel SA (hereinafter 'Recticel'), a company incorporated under Belgian law, it was also insured with a number of Belgian following insurers under a group insurance contract signed by Recticel and extended to SFIP by an addendum of 8 July 1988, with retroactive effect to 7 June 1988, the date on which the company entered the Recticel group. Chapter VIII, Article K, of that contract stipulates that, 'in the event of a dispute concerning the present contract, the company shall submit to the jurisdiction of the court of the domicile of the policy-holder'. The referring court observes that that article was clearly not imposed by the insurer.

13   Laiterie du Chatelard, by applications dated 1 and 12 March 2001, brought proceedings for damages before the Tribunal de Grande Instance de Bourgoin-Jallieu (France), against the following companies:

— Calland, in voluntary liquidation, a subsequent writ having been served on its two directors, J. Calland and M. Picard,

— Abeille, the insurer of Calland,

— SFIP,

— SMABTP, SFIP's insurer as regards manufacturer's liability,

— AXA Global Risks SA (hereinafter 'AXA Global Risks'), SFIP's insurer as regards miscellaneous risks,

— Zurich International, SFIP's insurer as regards miscellaneous risks.

14   On 5 June 2001, the latter brought a third-party proceedings against its French following insurers, namely Zurich International France and Axa Corporate, which had been subrogated to the rights of AXA Global Risks.

15   On 21 June 2001, SFIP brought third-party proceedings on the basis of the first paragraph of Article 10 of the Brussels Convention against its Belgian following insurers, which were co-insurers under the group insurance contract, namely Axa Belgium, Zurich Assurances, AIG, Fortis and Gerling (hereinafter 'the Belgian co-insurers').

16   The Belgian co-insurers objected that the Tribunal de Grande Instance de Bourgoin-Jallieu lacked jurisdiction, relying on the jurisdiction clause contained in the group insurance contract.

17   Applying Chapter VII, Article K, of that contract, the Tribunal de Grande Instance de Bourgoin-Jallieu, by judgment of 13 September 2002, ordered SFIP to pursue its

proceedings before the Tribunal de Première Instance de Bruxelles (Belgium), where Recticel, the policy-holder under the group insurance contract had its registered office, to obtain a ruling on its claims against the Belgian co-insurers.

18   On 27 September 2002, SFIP appealed against that ruling on jurisdiction to the Cour d'Appel, Grenoble.

19   Before the latter court, SFIP submitted that a jurisdiction clause based on Article 12 (3) of the Brussels Convention could not be relied on by an insurer against a beneficiary who had not expressly subscribed to the insurance policy containing that clause. Laiterie du Chatelard and SMABTP endorsed the arguments put forward by SFIP.

20   It was in those circumstances that the Cour de Cassation decided to stay its proceedings and refer the following question to the Court of Justice for a preliminary ruling:

'May the insured beneficiary of a contract of insurance concluded on its behalf between a policy-holder (subscriber) and an insurer who are domiciled in the same Member State be made subject to the clause conferring jurisdiction on the courts of that State, when it has not personally approved the clause, when the damage occurred in another Member State and when it has also applied for insurers domiciled in the same State to be joined as parties to proceedings before a court of that State?'

**The question referred to the Court of Justice**

21    By its question, the national court seeks essentially to ascertain whether a jurisdiction clause conforming with Article 12(3) of the Brussels Convention, in a contract of insurance concluded between a policy-holder and an insurer, can be enforced against a beneficiary under that contract who did not expressly subscribe to that clause and is domiciled in a Contracting State other than that of the policy-holder and the insurer.

*Observations submitted to the Court*

22    The Belgian co-insurers and the United Kingdom Government refer to the judgment in Case 201/82 *Gerling and Others* [1983] ECR 2503, in which the Court ruled that where a contract of insurance, entered into between an insurer and a policy-holder and stipulated by the latter to be for his benefit and to ensure for the benefit of third parties to such a contract, contains a clause conferring jurisdiction relating to proceedings which might be brought by such third parties, the latter, even if they have not expressly signed the said clause, may rely upon it provided that, as between the insurer and the policy-holder, the condition as to writing laid down by Article 17 of the Brussels Convention has been satisfied and provided that the consent of the insurer in that respect has been clearly manifested. In paragraph 18 of that judgment, the Court held that the Convention expressly provided for the possibility of stipulating clauses conferring jurisdiction not only in favour of the policy-holder, being a party to the contract, but also in favour of the insured and the beneficiary, who may happen not to be parties to the contract in cases where those various persons are not one and the same, and whose identity may even be unknown when the contract is signed. The Belgian co-insurers infer from that judgment that the Court has already accepted that a jurisdiction clause may be enforced against a beneficiary, without the latter having himself to meet the conditions laid down in Article 17 of the Brussels Convention.

23    The Commission considers, on the other hand, that the beneficiary is covered by the insurance contract, without being bound by the jurisdiction clause, simply by virtue of compulsory protection automatically enjoyed by every 'weak party'. It is clear from the case-law of the Court that a beneficiary who is not a signatory to a contract concluded by one person on behalf of another may rely on the jurisdiction clause but that, conversely, that clause cannot be invoked against him. The Commission also observes that Article 12(2) of the Brussels Convention, referred to in *Gerling and Others*, explicitly refers to the situation of beneficiaries and that the agreements on jurisdiction referred to therein are optional, for the benefit of the 'weak party' alone. Consequently, insured and the beneficiaries are included in the list of parties who may sign or rely on such a clause. However, Article 12(3) of the Brussels Convention allows a jurisdiction clause of which the exclusive nature can hardly be doubted, which does not mention the third-party beneficiary and which cannot therefore be relied on against him.

24    The Belgian co-insurers and the United Kingdom Government submit that a jurisdiction clause conforming with Article 12(3) of the Brussels Convention, was stipulated at the suggestion of the policy-holder and that, consequently, the argument based on the principle that the 'weak party' to the insurance contract must be protected is not relevant. According to all the co-insurers, the exceptions inherent in the contract which the insurer may rely on as against the policy-holder can also be relied on against beneficiaries, who are always free to reject a clause entered into in their favour whenever the constraints associated with it are not convenient for them. In the main proceedings, the beneficiary is invoking, vis-à-vis the insurers, rights based on the contract as a whole, of which the jurisdiction clause at issue forms part, and it cannot take refuge behind the fact that it is a wholly autonomous French insured party since, under the group insurance contract, it is entirely and directly dependent upon Recticel for the management of insurance policies and claims.

25    Following the same line of argument, the Belgian co-insurers, referring to Case C-256/00 *Besix* [2002] ECR I-1699, express the view that an intention pursued by

the Brussels Convention was to ensure predictability and certainty in parties' legal relationships and, to avoid, so far as possible, creating a situation in which a number of courts have jurisdiction in respect of one and the same contract, in order to preclude the risk of irreconcilable decisions and to facilitate the recognition and enforcement of judgments in States other than those in which they were delivered.

26   The French and United Kingdom Governments endorse those views and consider that importance should be attached to the freely expressed will of the parties and to legal certainty in the sphere of insurance. Where insurance contracts of that kind cover a number of companies in a single group in more than one State, it is necessary to make provision to ensure that any disputes which might arise from the application of such a contract are subject to the same jurisdiction. Such an interpretation of the Brussels Convention facilitates the uniform interpretation of insurance contracts, avoids conflicting decisions and the multiplication of litigation. That interpretation thus contributes to the attainment of a European insurance market.

27   The Commission also submits that the unenforceability of jurisdiction clauses against an insured is liable to make matters unpredictable for insurers, with the result that they might be unable to predict before which court they might be sued. Nevertheless, it must be recognised that the Community legislature preferred to place emphasis on the aim of protecting the insured.

*Findings of the Court*

28   As a preliminary point, it should be borne in mind that the Brussels Convention must be interpreted having regard both to its scheme and objectives and to its relationship with the Treaty (Case 12/76 *Tessili* [1976] ECR 1473, paragraph 9).

SOCIÉTÉ FINANCIÈRE ET INDUSTRIELLE DU PELOUX

29    In that connection, in Title II, Section 3, the Brussels Convention establishes an autonomous system for the conferal of jurisdiction in matters of insurance. Articles 8 to 10 of the Convention provide in particular that an insurer domiciled in a Contracting State may be sued in the courts of the Contracting State where he is domiciled, in the courts of the policy-holder's domicile, in the courts of the place where the harmful event occurred in the case of liability insurance or in the court in which the injured party has brought proceedings against the insured, if the law of that court so allows. In addition, Article 11 of the Convention provides that an insurer may bring proceedings only in the courts of the Contracting State in which the defendant is domiciled, irrespective of whether he is the policy-holder, the insured or a beneficiary.

30    According to settled case-law, it is apparent from a consideration of the provisions of that section, in the light of the documents leading to their enactment that, in affording the insured a wider range of jurisdiction than that available to the insurer and in excluding any possibility of a clause conferring jurisdiction for the benefit of the insurer, they reflect an underlying concern to protect the insured, who in most cases is faced with a predetermined contract the clauses of which are no longer negotiable and is the weaker party economically (Case 201/82 *Gerling and Others* [1983] ECR 2503, paragraph 17, and Case C-412/98 *Group Josi* [2001] ECR I-5925, paragraph 64).

31    In insurance contracts, the aim of protecting the economically weaker party is also ensured by the rules concerning the autonomy of the parties in relation to jurisdiction clauses. Thus, Article 12 of the Brussels Convention lists exhaustively

I - 3741

the cases in which the parties may derogate from the rules laid down in its Title II, Section 3. Moreover, under the fourth paragraph of Article 17 of the Convention, jurisdiction clauses have no legal force if they are contrary to Article 12. It follows from those provisions that the Convention establishes a system in which derogations from the jurisdictional rules in matters of insurance must be interpreted strictly.

32    In particular, Article 12(3) of the Brussels Convention allows a policy-holder and an insurer who, when the contract is entered into, are domiciled or habitually resident in one and the same Contracting State to confer jurisdiction on the courts of that State, even where the harmful event occurs abroad, unless the law of the latter prohibits such agreements. Such clauses are allowed by the Brussels Convention because they are not capable of depriving the policy-holder, the weakest party, of adequate protection. As the Advocate General observes in point 61 of his Opinion, although, in such circumstances, the policy-holder is deprived of the opportunity to bring proceedings before the court of the place where the harmful event occurred, he is still able to bring proceedings before the court of his own domicile.

33    Thus, the principle of party autonomy enables the policy-holder, the weakest party to the contract, to waive either of the two forms of protection afforded by the Brussels Convention. However, by virtue of the overriding aim of protecting the economically weakest party, that autonomy does not extend so far as to allow such a policy-holder to waive entitlement to the jurisdiction of the courts of his domicile. As the weakest party, he must not be discouraged from suing by being compelled to bring his action before the courts in the State in which the other party to the contract is domiciled (see, by analogy, in the case of consumers, Case C-464/01 *Gruber* [2005] ECR I-439, paragraph 34).

SOCIÉTÉ FINANCIÈRE ET INDUSTRIELLE DU PELOUX

34  It is in the light of those considerations that it is necessary to determine whether or not a jurisdiction clause agreed upon in accordance with Article 12(3) of the Brussels Convention between a policy-holder and an insurer is enforceable against a beneficiary domiciled in a Contracting State other than that of the policy-holder and the insurer.

35  The Brussels Convention and, in particular, Article 12(3) thereof, give no precise details as to the effects, for the insured or any beneficiary of an insurance contract, of such a jurisdiction clause. A literal interpretation of the provisions of the Convention does not therefore disclose whether, and if so under what conditions, such a clause may be relied upon by an insurer against a beneficiary where the latter is domiciled in a Member State other than that of the policy-holder and the insurer.

36  In those circumstances, as is clear from paragraph 28 of this judgment, it is incumbent on the Court to interpret the provisions of the Brussels Convention having regard to its scheme and general objectives.

37  In that connection, it must be borne in mind that the beneficiary, like the policy-holder, is protected by the Brussels Convention as the economically weakest party within the meaning of the judgment in *Gerling and Others.*

38  Consequently, a jurisdiction clause based on Article 12(3) of the Convention cannot in any event be accepted as enforceable against a beneficiary unless it does not undermine the aim of protecting the economically weakest party.

I - 3743

39  As the Advocate General observed in points 62 and 67 of his Opinion, the enforceability of such a clause would have serious repercussions for a third-party beneficiary domiciled in another Contracting State. First, it would deprive that insured of the opportunity to bring proceedings before the courts for the place where the harmful event occurred or to bring proceedings before the courts of his own domicile, by compelling him to pursue the enforcement of his rights against the insurer before the courts of the latter's domicile. Second, it would enable the insurer, in proceedings against the beneficiary, to have recourse to the courts of his own domicile.

40  The result of such an interpretation would be to accept a conferral of jurisdiction for the benefit of the insurer and to disregard the aim of protecting the economically weakest party, in this case the beneficiary, who must be entitled to bring proceedings and defend himself before the courts of his own domicile.

41  Moreover, it is for the purpose of strengthening that protection, already upheld in paragraph 17 of *Gerling and Others*, that Article 9(1)(b) of Council Regulation (EC) No 44/2001 of 22 December 2000 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters (OJ 2001 L 12, p. 1) was drafted in such a way as expressly to enable insured or beneficiaries under an insurance contract to bring proceedings against the insurer before the courts of their own domicile, and the second indent of the first paragraph of Article 8 of the Brussels Convention provides only for jurisdiction of the courts of the policy-holder's domicile, without determining whether or not the insurer may be sued before the courts of the domicile of the insured or of a beneficiary.

42  Furthermore, *Gerling and Others* cannot, contrary to the contentions of the Belgian co-insurers and the United Kingdom Government, be relied on to support the idea

of enforceability since, first, that judgment was concerned with a jurisdiction clause based on Article 12(2) of the Brussels Convention, which expressly authorises the parties to a contract to stipulate a clause conferring jurisdiction, which is not exclusive but optional, for the sole benefit of the policy-holder, the insured or the beneficiary, and, second, in the same judgment the Court ruled only as to the enforceability of such a clause by a third party, being the beneficiary, against the insurer and not as to the enforceability thereof by the insurer against that third party. As the Advocate General notes in point 52 of his Opinion, the fact that a beneficiary under an insurance contract can avail himself of that clause against the insurer is not liable to cause him harm but, on the contrary, by adding a further forum to those provided for by the Brussels Convention in relation to insurance matters, is conducive to greater protection of the economically weakest party.

43   It follows from all the foregoing that the question submitted should be answered in the following terms:

A jurisdiction clause conforming with Article 12(3) of the Brussels Convention cannot be relied on against a beneficiary under that contract who has not expressly subscribed to that clause and is domiciled in a Contracting State other than that of the policy-holder and the insurer.

**Costs**

44   Since these proceedings are, for the parties to the main proceedings, in the nature of a step in the action pending before the national court, the decision on costs is a matter for that court. The costs incurred in submitting observations to the court, other than those of the said parties, are not recoverable.

On those grounds, the Court (Second Chamber) hereby rules:

**A jurisdiction clause conforming with Article 12(3) of the Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters, as amended by the Convention of 9 October 1978 on the accession of the Kingdom of Denmark, Ireland and the United Kingdom of Great Britain and Northern Ireland, by the Convention of 25 October 1982 on the accession of the Hellenic Republic, by the Convention of 26 May 1989 on the accession of the Kingdom of Spain and the Portuguese Republic and by the Convention of 29 November 1996 on the accession of the Republic of Austria, the Republic of Finland and the Kingdom of Sweden, cannot be relied on against a beneficiary under that contract who has not expressly subscribed to that clause and is domiciled in a Contracting State other than that of the policy-holder and the insurer.**

[Signatures]

I - 3746