# EXHIBIT 8

JUDGMENT OF 14. 12. 1976 — CASE 24/76

jurisdiction upon it was in fact the subject of a consensus between the parties, which must be clearly and precisely demonstrated, for the purpose of the formal requirements imposed by Article 17 is to ensure that the consensus between the parties is in fact established.

2. In the case of a clause conferring jurisdiction, which is included among the general conditions of sale of one of the parties, printed on the back of the contract, the requirement of a writing under the first paragraph of Article 17 of the Convention of 27 September 1968 is only fulfilled if the contract signed by the two parties includes an express reference to those general conditions.

3. In the case of a contract concluded by reference to earlier offers, which were themselves made with reference to the general conditions of one of the parties including a clause conferring jurisdiction, the requirement of a writing under the first paragraph of Article 17 of the Convention of 27 September 1968 is satisfied only if the reference is express and can therefore be checked by a party exercising reasonable care.

In Case 24/76

Reference to the Court for a preliminary ruling pursuant to Article 1 of the Protocol of 3 June 1971 on the interpretation by the Court of Justice of the Convention of 27 September 1968 on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters by the Bundesgerichtshof (Federal Court of Justice) in the action pending before that court between

ESTASIS SALOTTI DI COLZANI AIMO E GIANMARIO COLZANI, having its registered office at Meda (Milan),

and

RÜWA POLSTEREIMASCHINEN GMBH, having its registered office at Cologne,

on the interpretation of the first paragraph of Article 17 of the Convention of 27 September 1968,

THE COURT

composed of: H. Kutscher, President, A. M. Donner and P. Pescatore, Presidents of Chambers, J. Mertens de Wilmars, M. Sørensen, Lord Mackenzie Stuart and A. O'Keeffe, Judges,

Advocate-General: F. Capotorti
Registrar: A. Van Houtte

gives the following

ESTASIS SALOTTI v RÜWA

# JUDGMENT

## Facts

The facts of the case, the procedure and the observations submitted pursuant to the Protocol of 3 June 1971 concerning the interpretation by the Court of Justice of the Convention of 27 September 1968 on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters may be summarized as follows:

### I — Facts and written procedure

By letter of 18 September 1969 the undertaking RÜWA Polstereimaschinen GmbH (hereinafter referred to as: 'RÜWA'), having its registered office in Cologne, sent to the undertaking Estasis Salotti di Colzani Aimo e Gianmario Colzani (hereinafter referred to as 'Colzani') seven written offers, dated 11 September 1969, relating to the supply of machines for the manufacture of upholstered furniture.

These offers were written either in German or in Italian. They all begin with the sentence:

'... subject to the general conditions of sale No 6904 overleaf ... I offer to supply you as follows:.'

RÜWA's general conditions of sale No 6904 state at Article 13:
1. The place of performance in respect of any claims by either party arising out of this agreement or by reason of its conclusion is Cologne.
2. The same condition applies to jurisdiction and also in the event of actions in relation to bills of exchange. I am at all times entitled to elect to commence proceedings at the buyer's place of establishment.

3. The law of the Federal Republic of Germany applies to the whole of the legal relations between myself and my customers including the creation thereof.

On 31 October 1969, RÜWA and Colzani entered into a contract in Milan. It was in German and was written on commercial paper bearing RÜWA's letterhead, on the back of which RÜWA's general conditions of sale were printed. By that contract Colzani gave RÜWA the order to supply 'the machines offered for sale pursuant to the letter of 18 September 1969'.

The contract was not performed, Colzani having refused to take delivery of the machines.

On 18 January 1973, RÜWA brought an action before the Landgericht (Regional Court), Cologne, for damages against Colzani. In particular, RÜWA claimed that Colzani should be ordered to pay it the sum of DM 100 000 with interest thereon at 5 % per annum from 1 January 1972.

In its judgment of 9 April 1974, the Landgericht, Cologne, declared that it had no jurisdiction. It held that the parties had not validly agreed that the courts of Cologne were to have jurisdiction.

On 22 May 1974 RÜWA lodged an appeal against that judgment with the Oberlandesgericht (Higher Regional Court), Cologne.

The latter, in a judgment of 18 November 1974, overruled the judgment of the Landgericht. It declared that the Landgericht had jurisdiction and referred the case back to it.

1833

JUDGMENT OF 14. 12. 1976 — CASE 24/76

Colzani appealed to the Bundesgerichtshof (Federal Court of Justice) on a point of law. The VIIIth civil Senate of the Bundesgerichtshof took the view that the case raised questions of interpretation of the first paragraph of Article 17 of the Convention of 27 September 1968 on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters, which provides:

If the parties, one or more of whom is domiciled in a Contracting State, have, by agreement in writing or by an oral agreement confirmed in writing, agreed that a court or the courts of a Contracting State are to have jurisdiction to settle any disputes which have arisen or which may arise in connexion with a particular legal relationship, that court or those courts shall have exclusive jurisdiction.

Accordingly, by order of 18 February 1976 it decided, pursuant to Article 2 (1) and Article 3 (1) of the Protocol of 3 June 1971 on the interpretation by the Court of Justice of the Convention of 27 September 1968 to suspend judgment until the Court of Justice has given a preliminary ruling on the following questions:
1. Does a clause conferring jurisdiction, which is included among general conditions of sale printed on the back of a contract signed by both parties, fulfil the requirement of a writing under the first paragraph of Article 17 of the Convention?
2. In particular, is the requirement of a writing under the first paragraph of Article 17 of the Convention fulfilled if the parties expressly refer in the contract to a prior offer in writing in which reference was made to general conditions of sale including a clause conferring jurisdiction and to which these conditions of sale were annexed?

The order of the Bundesgerichtshof was received at the Court Registry on 11 March 1976.

Pursuant to Article 5 (1) of the Protocol of 3 June 1971 and Article 20 of the Statute of the Court of Justice of the EEC, written observations were submitted on 17 May 1976 by the Commission of the European Communities, on 25 May by the undertaking Estasis Salotti di Colzani Aimo e Gianmario Colzani, the appellant in the main action, on 28 May by the Government of the Federal Republic of Germany, and on 1 June 1976 by the Government of the Italian Republic.

Upon hearing the report of the Judge Rapporteur and the views of the Advocate-General, the Court decided to open the oral procedure without any preparatory inquiry.

II — Written observations submitted to the Court

The *undertaking Estasis Salotti di Colzani Aimo e Gianmario Colzani,* the appellant in the main action, reminds the Court of the origins of the Convention of 27 September 1968 on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters. It says that the purpose of the Convention is to bring about equality of treatment in the matter of the 'free circulation' of judgments as between nationals of all the Member States, without regard to their nationality. It is also intended to protect the rights of the defendant in proceedings pending in the State where judgment is to be delivered. Article 17 of the Convention contains a uniform substantive rule as to how jurisdiction is to be ascertained. It should be applied in a uniform way. Its content is identical to that of the rule contained in the Convention between Germany and Belgium concerning enforcement, which itself is based on Article 2 of the Hague Convention of 15 April 1958 on the jurisdiction of the selected forum in international sales of goods.

(a) The first priority in the minds of the authors of the Convention of 1968 was to

1834

ESTASIS SALOTTI v RÜWA

avoid disrupting commercial usage, while at the same time neutralizing the effects of clauses conferring jurisdiction that might remain unnoticed in a contract. Hence it is that such clauses are to be taken into consideration only where they are the subject of an agreement, and this supposes the mutual consent of the parties. Furthermore, in the interests of legal certainty, the agreement must be in writing or confirmed in writing by the other party to the contract. The requirement as to confirmation in writing is not satisfied where a clause conferring jurisdiction only appears in the general conditions of sale when those conditions are printed on the back of a contract signed by the two parties. According to Article 126 of the German Civil Code, where the law requires that a document be in writing it must be signed by the person who has drawn it up. Even general conditions appearing by way of a form of words printed on the back of a contract do not, therefore, of themselves represent something concerning which the parties are *ad idem*. There is no valid agreement conferring jurisdiction within the meaning of Article 17 of the Convention, irrespective of the fact that the indispensable requirement of a writing is not satisfied.

Therefore the first question referred to the Court should be answered in the following terms:

The requirement of a writing laid down by the first paragraph of Article 17 of the Convention is not fulfilled when a clause conferring jurisdiction is contained in general conditions printed on the back of a document signed by one of the parties.

(b) The mere fact that a clause conferring jurisdiction has been included in general conditions of sale and that the contracting party in whose favour that clause has been incorporated refers to those conditions does not satisfy the requirement of a writing contained in the first paragraph of Article 17 of the Convention of 1968.

The purpose of the said requirement is to prevent the secret inclusion in contracts of clauses conferring jurisdiction. Therefore an agreement conferring jurisdiction cannot validly be made by mere reference to general conditions of sale. It is absolutely necessary that express reference should be made to the clause conferring jurisdiction which appears amongst those conditions. It is that written reference alone which brings the agreement conferring jurisdiction within the ambit of the contract.

Therefore the second question referred to the Court of Justice should also be answered in the negative, if only for the simple reason that the offer did not contain any express reference to an agreement conferring jurisdiction.

Moreover, there was no confirmation in writing in the present case.

Article 1341 of the Italian Civil Code requires that an agreement conferring jurisdiction must be confirmed expressly. Furthermore, since Article 17 of the Convention contains a uniform substantive rule governing agreements conferring jurisdiction, which should be interpreted in a uniform way, the requirement of a writing contained therein should be interpreted strictly. Therefore a mere reference to a written offer, without any mention of the agreement conferring jurisdiction, cannot be considered to be a confirmation in writing for the purposes of the first paragraph of Article 17 of the Convention.

That provision facilitates business transactions in that it contains a requirement of a 'unilateral' writing, by one party alone. It is sufficient that an oral agreement should be confirmed in writing. In this way, a certain commercial usage has been taken into account. Even so, in order to ensure the protection provided by Article 17, an express reference is necessary on the part of the party who confirms an agreement conferring jurisdiction.

1835

JUDGMENT OF 14. 12. 1976 — CASE 24/76

The second question should therefore receive the following reply:

Neither is the requirement of a writing laid down by the first paragraph of Article 17 of the Convention fulfilled where the parties expressly refer in the text of the contract to a prior offer in writing in which reference was made to general conditions of sale including a clause conferring jurisdiction and to which these conditions of sale were annexed.

The *Government of the Federal Republic of Germany* takes the view that the first task of the Court of Justice is to decide whether the requirements as to form set out in the first paragraph of Article 17 of the Convention of 1968 must be interpreted in a uniform way for all the States which signed the Convention, or whether the Convention makes reference to the national law of the Contracting State for the determination of the meaning and content of the requirement of a writing in a particular case.

The purpose of Article 17 of the Convention is to ensure legal certainty. To this end, express provision must be made as to the form which the agreement conferring jurisdiction must take, without however, lapsing into excessive formalism, which would be irreconcilable with commercial practice. Accordingly, Article 17 should, as regards the form of agreements conferring jurisdiction, be understood as a uniform rule. National law cannot determine whether, in a particular case, there is or is not an agreement in writing. Considerable differences between the national laws exist on points of detail. The fact that in certain circumstances the question whether a consensus *ad idem* between the parties has arisen may depend on the given national law does not prevent the consideration of questions as to form without reference to national law. On this point it should be noted that the wording of Article 17 of the Convention is close to that of the

first paragraph of Article 2 of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

Speaking generally, in interpreting the Convention, it is necessary, in order that it may be applied in a uniform way throughout the Community, to attempt to arrive at a uniform interpretation of it which does not refer to national law, whenever reference to national law is not absolutely necessary. Moreover, the Convention does not contain any clear provision as to which national law should be applied here.

Therefore, notwithstanding the absence of a specific definition of a writing analogous to the definition contained in Articles 2 (2) of the United Nations Convention of 10 June 1958, the requirements as to form laid down by the first paragraph of Article 17 of the Convention should, in all material particulars, be interpreted in a uniform way for all the Contracting States.

According to the second paragraph of Article I of the Protocol annexed to the Convention, the effects of an agreement conferring jurisdiction have to be expressly and specifically agreed only with respect to persons domiciled in Luxembourg. Accordingly, as regards Article 17 of the Convention, a reference to general conditions of sale containing a clause conferring jurisdiction is in principle sufficient. In any event, the requirement in Article 17 is satisfied when the written agreement refers to general conditions of sale containing a clause conferring jurisdiction and when those conditions are joined to the agreement.

In regard to the first question, the Court is really being asked whether the reference to the general conditions of sale containing a clause conferring jurisdiction must be in writing.

Written agreements must show clearly that the parties intend that the general conditions of sale and the clause

ESTASIS SALOTTI v RÜWA

conferring jurisdiction contained therein shall form part of the contract. The mere fact that the general conditions of sale containing a clause conferring jurisdiction were reproduced on the back of the agreement expressly concluded between the parties would not suffice, in view of the preventive function of the requirement of a writing. The decisive question is rather whether there is any evidence that the agreement made between the parties also covers the general conditions of sale joined in writing to the statements of the parties. That reference should be considered to be sufficiently established when the general conditions of sale and the clause conferring jurisdiction form an integral part of the documents signed by the parties or when, to the knowledge of both parties and in accordance with their intentions, they are printed on the back of documents signed by them. In such a case, it would be somewhat formalistic to require that the document signed by the parties should specifically refer to the clause conferring jurisdiction appearing on the back.

Contrary to certain national provisions concerning written form, the first paragraph of Article 17 does not require that the signature of both parties must appear on one and the same document, nor does it require that every written agreement between them must be contained in a single document. Therefore the parties can add to what is agreed between them by reference to another document. At least in circumstances where the document to which reference is made itself expressly refers to the general conditions of sale joined to it, and where those conditions contain a clause conferring jurisdiction, a reference to another document known to both parties, within the meaning of the second question referred to the Court, must be considered sufficient This is so *a fortiori* when the general conditions of sale to which reference is made in the offer are also printed on the back of the contract concluded between the parties.

Accordingly, the two questions put by the Bundesgerichtshof should be answered as follows:

A clause conferring jurisdiction contained in the general conditions of sale printed on the back of a contract signed by both parties fulfils the requirement of a writing under the first paragraph of Article 17 of the Convention when the parties have made a sufficiently clear reference to those general conditions of sale.

The requirement of a writing under the first paragraph of Article 17 of the Convention is also fulfilled if the parties expressly refer in the contract to an offer in writing in which reference was made to general conditions of sale including an agreement conferring jurisdiction and to which these conditions of business were annexed.

The *Government of the Italian Republic* is of the opinion that, for the purpose of answering the questions referred, some useful information may be gleaned from the criteria adopted in this field by the laws of the various Member States. Nevertheless, the surest way to a correct interpretation of a provision is an understanding of the rule on which it is based.

In that it allows the interested parties, in certain circumstances, to agree that a court or the courts of a Member State shall have jurisdiction to settle any disputes 'which have arisen or which may arise' in connexion with a particular legal relationship, and in requiring that the said agreement conferring jurisdiction shall be an 'agreement in writing' or an 'oral agreement confirmed in writing', the first paragraph of Article 17 of the Convention of 1968 is intended to ensure that, by means of the written form, the contracting parties are acting in full knowledge of the facts, especially in relation to the party who accepts the stipulation of the other party concerning which court shall have jurisdiction to

1837

settle any dispute. The requirement of a writing arises not only from the need for evidence, but also and primarily from the deliberate intention to make certain that the contracting parties have specifically and knowingly stipulated the clause whereby the normal rules of jurisdiction are waived.

The main action makes it clear that it is necessary to prevent the party who has laid down the general conditions of the contract in advance, and in particular the clause conferring jurisdiction, from being able to abuse the good faith of the other contracting party, who is generally weaker, by a general reference to clauses of which the latter may not actually have had knowledge. Such actual knowledge can only be guaranteed by requiring that the clause whereby the normal rules of jurisdiction are waived must be approved expressly and specifically. It is necessary to ensure that the weaker party to the contract, in the case of standard form contracts printed in advance by the other contracting party, has actual knowledge of the clauses which might be disadvantageous to him at a later stage, such as the clause waiving the normal rules of jurisdiction. In the case of general conditions stipulated in advance by one of the interested parties alone, the written form required by the first paragraph of Article 17 should be understood as the express and specific approval of the clause waiving the normal rules of jurisdiction.

Notwithstanding the above, specific approval of such a clause is not necessary when the general conditions are stipulated in advance by a public authority, that is to say by a body organically attuned to the dictates of the public good, of impartiality and of justice, which are inherent in its nature.

Therefore the two questions set out in the order making the reference should be answered in the negative. It should be made clear, first, that the waiver of the normal rules of jurisdiction, which is allowed by the first paragraph of Article

17 of the Convention of 27 September 1968, must be considered to be valid when it is contained in general conditions stipulated in advance by one of the interested parties alone, subject to the one condition that it must be specifically approved in writing by the other contracting party. Secondly, it should be stated that the only circumstance in which this specific approval is not required is where general conditions are stipulated in advance by a public authority.

The *Commission of the European Communities* points out that there are two purposes behind Article 17 of the Convention of 27 September 1968: to ensure legal certainty and to avoid excessive formalism.

(a)  In the light of those two purposes there can be no alternative but to answer the first question of the Bundesgerichtshof in the negative. When a clause conferring jurisdiction is merely printed on the back of a written contract, by way of a printed formula, it is impossible to determine with certainty whether that clause must be given the status of a stipulation of the contract. It is otherwise only if the contract itself refers to the general conditions of sale printed on the back. In that case, it is established that the clause conferring jurisdiction has been incorporated into the body of the contract by the two parties.

(b)  Taking into account the essential objectives of Article 17 of the Convention, the second question should be answered in the affirmative. There can be no doubting the fact that both parties to the main action intended the clause conferring jurisdiction to rank as a stipulation of the contract. Since the contract was made in writing, the clause conferring jurisdiction complies with Article 17 of the Convention as regards form.

Article 17 does not require that the clause conferring jurisdiction must be 'expressly' included in the contract. This

1838

ESTASIS SALOTTI v RÜWA

may be inferred from the special provision in favour of Luxembourg in the second paragraph of Article I of the Protocol annexed to the Convention.

Therefore the questions of the Bundesgerichtshof should be answered as follows:

When a clause conferring jurisdiction is contained in the general conditions of sale printed on the back of a contract signed by both parties, the requirement of a writing under the first paragraph of Article 17 of the Convention is not satisfied, except where the general conditions of sale have become an integral part of the content of the contract.

The requirement of a writing under the first paragraph of Article 17 of the Convention is satisfied if the parties expressly refer in the contract to a prior offer in writing in which reference was made to general conditions of sale including a clause conferring jurisdiction and to which those conditions of sale were annexed.

III — Oral procedure

The undertaking Estasis Salotti di Colzani Aimo e Gianmario Colzani, the appellant in the main action, represented by Giuseppe Celona, Advocate at Milan, and the Commission of the European Communities, represented by its Legal Adviser, Rolf Wägenbaur, submitted oral observations at the hearing on 13 October 1976. Colzani stressed the importance of the existence of a real agreement between the parties as a necessary precondition to any agreement conferring jurisdiction for the purposes of Article 17 of the Convention of 27 September 1968.

The *Advocate General* delivered his opinion at the hearing on 17 November 1976.

# Law

ı   By an order of 18 February 1976, received at the Court Registry on 11 March 1976, the Bundesgerichtshof referred to the Court of Justice pursuant to the Protocol of 3 June 1971 on the Interpretation of the Convention of 27 September 1968 on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters (hereinafter referred to as 'the Convention', certain questions concerning the interpretation of Article 17 of the said Convention.

2   It appears from the order making the reference that at the present stage the action, which was brought before the Bundesgerichtshof by way of appeal on a point of law, concerns the jurisdiction of the Landgericht Köln to hear an action brought by an undertaking established within the area of jurisdiction of that court against an Italian undertaking whose registered office is at Meda (Milan), for failure to perform a contract relating to the supply by the German undertaking to the Italian undertaking of machines for the manufacture of upholstered furniture.

1839

JUDGMENT OF 14. 12. 1976 — CASE 24/76

3    It appears from the facts stated in the order making the reference that the
     delivery in question had been agreed in a written contract, signed at Milan on
     commercial paper bearing the letter-head of the German undertaking, on the
     reverse of which the general conditions of sale of that undertaking were
     printed.

     Those general conditions include a clause conferring jurisdiction on the
     courts of Cologne to settle any dispute which might arise between the parties
     concerning the contract.

     Although it is true that the text of the contract does not expressly mention
     the said general conditions, it refers to previous offers made by the German
     undertaking which contained an express reference to the same general
     conditions, which were also printed on the reverse of the papers in question.

4    In a judgment delivered on 9 April 1974, the Landgericht Köln, before which
     the matter was brought by the German undertaking, declared that it had no
     jurisdiction to hear the dispute.

     It held that the clause conferring jurisdiction had not validly been agreed
     between the parties, having regard to the provisions of Italian law, to which,
     in the view of that court, the contract between the parties is subject.

     That judgment was reversed by a judgment of 18 November 1974 of the
     Oberlandesgericht Köln which, taking the view that the contract in question
     is subject to the provisions of German law, overruled the judgment of the
     lower court, declared that the Landgericht had jurisdiction and remitted the
     case to it.

5    The Italian undertaking appealed on a point of law to the Bundesgerichtshof,
     and that court is of the opinion that the question at issue must be resolved on
     the basis of Article 17 of the Convention.

     In this connexion, the Bundesgerichtshof has referred two questions on the
     interpretation of the first paragraph of that article.

     On the interpretation of Article 17 of the Convention in general

6    The first paragraph of Article 17 of the Convention provides: 'If the parties,
     one or more of whom is domiciled in a Contracting State, have, by agreement
     in writing or by an oral agreement confirmed in writing, agreed that a court
     or the courts of a Contracting State are to have jurisdiction to settle any

disputes which have arisen or which may arise in connexion with a particular legal relationship, that court or those courts shall have exclusive jurisdiction'.

7   The way in which that provision is to be applied must be interpreted in the light of the effect of the conferment of jurisdiction by consent, which is to exclude both the jurisdiction determined by the general principle laid down in Article 2 and the special jurisdictions provided for in Articles 5 and 6 of the Convention.

In view of the consequences that such an option may have on the position of the parties to the action, the requirements set out in Article 17 governing the validity of clauses conferring jurisdiction must be strictly construed.

By making such validity subject to the existence of an 'agreement' between the parties, Article 17 imposes on the court before which the matter is brought the duty of examining, first, whether the clause conferring jurisdiction upon it was in fact the subject of a consensus between the parties, which must be clearly and precisely demonstrated.

The purpose of the formal requirements imposed by Article 17 is to ensure that the consensus between the parties is in fact established.

The questions referred to the Court by the Bundesgerichtshof must be examined in the light of these considerations.

On the question referred by the Bundesgerichtshof

8   The *first question* asks whether a clause conferring jurisdiction, which is included among general conditions of sale printed on the back of a contract signed by both parties, fulfils the requirement of a writing under the first paragraph of Article 17 of the Convention.

9   Taking into account what has been said above, it should be stated that the mere fact that a clause conferring jurisdiction is printed among the general conditions of one of the parties on the reverse of a contract drawn up on the commercial paper of that party does not of itself satisfy the requirements of Article 17, since no guarantee is thereby given that the other party has really consented to the clause waiving the normal rules of jurisdiction.

It is otherwise in the case where the text of the contract signed by both parties itself contains an express reference to general conditions including a clause conferring jurisdiction.

JUDGMENT OF 14. 12. 1976 — CASE 24/76

10    Thus it should be answered that where a clause conferring jurisdiction is included among the general conditions of sale of one of the parties, printed on the back of a contract, the requirement of a writing under the first paragraph of Article 17 of the Convention · is fulfilled only if the contract signed by both parties contains an express reference to those general conditions.

11    The *second question* asks whether the requirement of a writing under the first paragraph of Article 17 of the Convention is fulfilled if the parties expressly refer in the contract to a prior offer in writing in which reference was made to general conditions of sale including a clause conferring jurisdiction.

12    In principle, the requirement of a writing under the first paragraph of Article 17 is fulfilled if the parties have referred in the text of their contract to an offer in which reference was expressly made to general conditions including a clause conferring jurisdiction.

This view of the matter, however, is valid only in the case of an express reference, which can be checked by a party exercising reasonable care, and only if it is established that the general conditions including the clause conferring jurisdiction have in fact been communicated to the other contracting party with the offer to which reference is made.

But the requirement of a writing in Article 17 would not be fulfilled in the case of indirect or implied references to earlier correspondence, for that would not yield any certainty that the clause conferring jurisdiction was in fact part of the subject-matter of the contract properly so-called.

13    Thus it should be answered that in the case of a contract concluded by reference to earlier offers, which were themselves made with reference to the general conditions of one of the parties including a clause conferring jurisdiction, the requirement of a writing under the first paragraph of Article 17 of the Convention is satisfied only if the reference is express and can therefore be checked by a party exercising reasonable care.

Costs

14    The costs incurred by the Government of the Federal Republic of Germany, the Government of the Italian Republic and the Commission of the European

1842

ESTASIS SALOTTI v RÜWA

Communities, which have submitted observations to the Court, are not recoverable.

As these proceedings are, in so far as the parties to the main action are concerned, in the nature of a step in the action pending before the Bundesgerichtshof, the decision on costs is a matter for that court.

On those grounds,

THE COURT

in answer to the questions referred to it by the Bundesgerichtshof by order of 18 February 1976, hereby rules:

Where a clause conferring jurisdiction is included among the general conditions of sale of one of the parties, printed on the back of a contract, the requirement of a writing under the first paragraph of Article 17 of the Convention of 27 September 1968 on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters is fulfilled only if the contract signed by both parties contains an express reference to those general conditions.

In the case of a contract concluded by reference to earlier offers, which were themselves made with reference to the general conditions of one of the parties including a clause conferring jurisdiction, the requirement of a writing under the first paragraph of Article 17 of the Convention is satisfied only if the reference is express and can therefore be checked by a party exercising reasonable care.

|  Kutscher | Donner | Pescatore |
|---|---|---|

| Mertens de Wilmars | Sørensen | Mackenzie Stuart | O'Keeffe |
|---|---|---|---|

Delivered in open court in Luxembourg on 14 December 1976.

A. Van Houtte                                           H. Kutscher

**Registrar**                                           **President**

1843