# EXHIBIT 9

# Case C-387/98

## Coreck Maritime GmbH
### v
## Handelsveem BV and Others

(Reference for a preliminary ruling from the Hoge Raad der Nederlanden)

(Brussels Convention — Article 17 — Jurisdiction clause — Formal conditions — Effects)

Opinion of Advocate General Alber delivered on 23 March 2000 . . . . I-9340
Judgment of the Court (Fifth Chamber), 9 November 2000 . . . . . . . . I-9362

Summary of the Judgment

1. *Convention on Jurisdiction and the Enforcement of Judgments — Prorogation of jurisdiction — Jurisdiction clause — Parties' consent — Criteria — Need to formulate the clause so that the court having jurisdiction can be determined on its wording alone — No such need*
   *(Convention of 27 September 1968, Art. 17)*

I - 9337

2. *Convention on Jurisdiction and the Enforcement of Judgments — Prorogation of jurisdiction — Scope of the first paragraph of Article 17 — Clause entered into by at least one party domiciled in a Contracting State conferring jurisdiction on a court in a Contracting State*
   *(Convention of 27 September 1968, Art. 17)*

3. *Convention on Jurisdiction and the Enforcement of Judgments — Prorogation of jurisdiction — Jurisdiction clause in a bill of lading — Enforceability as against third party bearer — Conditions*
   *(Convention of 27 September 1968, Art. 17)*

1. The words 'have agreed' in the first sentence of the first paragraph of Article 17 of the Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters cannot be interpreted as meaning that it is necessary for a jurisdiction clause to be formulated in such a way that the competent court can be determined on its wording alone. It is sufficient that the clause state the objective factors on the basis of which the parties have agreed to choose a court or the courts to which they wish to submit disputes which have arisen or which may arise between them. Those factors, which must be sufficiently precise to enable the court seised to ascertain whether it has jurisdiction, may, where appropriate, be determined by the particular circumstances of the case.

   (see para. 15 and operative part 1)

2. Article 17 of the Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters only applies if, first, at least one of the parties to the original contract is domiciled in a Contracting State and, secondly, the parties agree to submit any disputes to a court or the courts of a Contracting State.

   A court situated in a Contracting State must, if it is seised notwithstanding a jurisdiction clause designating a court in a third country, assess the validity of the clause according to the applicable law, including conflict of laws rules, where it sits.

   (see paras 19, 21 and operative part 2)

I - 9338

3. The first paragraph of Article 17 of the Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters must be interpreted as meaning that a jurisdiction clause agreed between a carrier and a shipper which appears in a bill of lading is enforceable against a third party bearer of the bill of lading if he succeeded to the rights and obligations of the shipper under the applicable national law when he acquired the bill of lading. If he did not, it must be ascertained whether he accepted that clause having regard to the requirements laid down in that provision.

(see para. 27 and operative part 3)