UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JULIO ROCHA,

                Plaintiff,                  **MEMORANDUM & ORDER**

              - against -                16 CV 2327 (RJD) (RML)

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON; AXIS SPECIALTY EUROPE SE,

                Defendants.
------------------------------------------------------------- x

DEARIE, District Judge

       Plaintiff Julio Rocha brings this action for breach of contract against the defendant insurers ("Insurers"). This Court recently granted a preliminary injunction requiring the Insurers to advance legal costs to Rocha. Now before the Court is the Insurers' motion to dismiss under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the motion is denied.

## BACKGROUND

       The Court presumes familiarity with the factual and procedural background of this case, see Order Granting Prelim. Inj., dated Sept. 26, 2016, ECF No. 39,[1] as well as the closely related case, Li v. Certain Underwriters at Lloyd's et al., No. 15-cv-6099 (RJD), but briefly recites the facts and procedural history relevant to this Order.

---

[1] In this motion to dismiss, the Insurers continue to press their argument that the Court lacks jurisdiction, arguing that "[t]he requirements of Kokkonen are not satisfied in this case." Defs.' Br. 14, ECF No. 25-1. The Court disagrees for the reasons set out in the Order Granting Prelim. Inj., dated Sept. 26, 2016, ECF No. 39, finding ancillary jurisdiction in this case, as well as the reasons stated in its Orders dated April 27, 2016, and August 18, 2016, finding ancillary jurisdiction in the closely related case Li v. Certain Underwriters at Lloyd's et al., 15-cv-6099.

1

The Insurers sold Federation Internationale de Football Association ("FIFA") a "Directors and Officers Legal Liability Policy" ("Policy"), ECF No. 27-1. Compl. ¶ 17, ECF No. 1. The Policy entitles "Insured Persons" to legal fees and costs incurred in defending "alleged wrongful acts," investigations, and extradition proceedings. Id. ¶¶ 3, 19; Policy §§ 1.1, 1.10. As relevant here, Insured Persons under the Policy include "former and future Presidents, Vice Presidents and members, whether appointed or factual, of the management bodies, the executive committee, [and] the supervisory bodies" of FIFA; "employees of [FIFA] while acting in a managerial or supervisory capacity of [FIFA] . . . or named as a co-defendant with a President, Vice-President or Member of the Assured"; and "general agents/representatives" of FIFA. Policy § 1.3; accord Compl. ¶ 18.

The Policy also includes a forum selection and choice of law clause: "For any disputes arising under this insurance relationship, a Swiss place of Jurisdiction and the application of Swiss Law shall be deemed to be agreed." Policy § 9. Rocha is not a signatory to the Policy, nor did he separately subscribe to the forum selection clause.[2]

After being indicted by a federal grand jury in the Eastern District of New York on May 20, 2015, Rocha submitted two requests for coverage under the Policy: the first on November 24, 2015, and the second on March 30, 2016. Compl. ¶¶ 13-15, 21, 23. The Insurers refused both requests. Id. ¶¶ 24-26. Thereafter, Rocha filed the instant complaint for breach of contract on May 9, 2016.

---

[2] The Insurers argue here, as they did in Li v. Certain Underwriters at Lloyd's et al., No. 15-cv-6099 (RJD), that the Court should dismiss the action under the Policy's forum selection clause. In support, they offer the testimony of a new Swiss law expert, Doctor Anton K. Schnyder. ECF No. 26. Rocha, in response, submits an affidavit by Ronald Brand, whose testimony was also before the Court in Li. ECF No. 35; see also Li, No. 15-cv-6099 at 8-14. For the reasons stated in Li, the Court concludes that Rocha, like Li, is not bound by the forum clause under Swiss Law because he did not separately subscribe to it. Id.

2

Rocha claims that he is an Insured Person under the Policy "in his capacity as a FIFA Officer, employee and/or member of FIFA management supervisory bodies." Compl. ¶ 20. Specifically, he alleges that "from in or about January 2013 [he] was the FIFA officer responsible for overseeing FIFA's development efforts in Central America." Id. ¶ 6. Rocha also alleges that the following insurers have also subscribed to the Policy: Lloyd's London Syndicates 2987, 1919, 1886 and 1686; Certain Lloyd's Underwriters per Lloyd's Consortium 9860; and AXIS Specialty Europe SE. Id. ¶¶ 7-8.

The Insurers ask this Court, in deciding the motion to dismiss, to consider three documents in addition to Rocha's complaint: a "Development Officer Agreement" that Rocha entered into with FIFA as a condition of employment, ECF No. 27-3; the Policy, ECF No.27-1; and a document titled "Risk Details," ECF No. 27-1, which appears to be either related to or part of the Policy as it lists the insurers who have subscribed to the Policy.[3]

As to the Development Officer Agreement, the Insurers contend that it is relevant to whether Rocha has plausibly alleged that he qualifies as an Insured Person under the Policy. They point to the following provisions: "[t]he parties . . . do not intend to create any employment contract relationship," Development Officer Agreement § 14.1; "[t]his Agreement is entered into with respect to a one-off service and does not form the basis of an ongoing mandate or a regularly recurring agency relationship," id. § 1.1; the Development Officer "shall act independently, outside the organizational structure of FIFA and shall have his own work plan,"

---

[3] On a motion to dismiss under Rule 12(b)(6), the Court may consider "documents incorporated by reference in the complaint" as well as documents that are "integral" to the complaint; i.e., "where the complaint relies heavily upon [the document's] terms and effect," as long as there is no dispute as to the "relevance," "authenticity[,] or accuracy of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks and citations omitted). Because Rocha's complaint relies heavily on the "terms and effects" of the Policy, and, by extension, the "Risk Details" document that the Insurers claim is part of the Policy, as well as his employment agreement, the Court will consider these documents for purposes of the Insurers' Rule 12(b)(6) motion.

3

Id. §§ 1.1, 1.2.; and "[t]his agreement does only authori[z]e or entitle the [Development Officer] to act as a representative of FIFA in any de facto or de jure capacity upon instructions." Id. § 1.4.

As to the other two documents—the Policy and the document titled "Risk Details"—Insurers contend that these documents demonstrate that AXIS Specialty Europe SE did not subscribe to the Policy, and is improperly named in the complaint. The Policy lists AXIS Specialty Europe SE, along with other insurers, as having subscribed to it on a page titled "Security Schedule," but the Insurers point to text on the page stating that "this schedule is not authorized by the subscribing Insurers." ECF No. 27-1 at 40. Likewise, the "Risk Details" document also appears to list Insurers who have subscribed to the Policy, but notably, while AXIS Specialty Europe SE is listed on the document, it has been crossed out by hand, and marked with the date "6/10/14." ECF No. 27-1 at 11. Insurers claim that because AXIS Specialty Europe SE is crossed out on the "Risk Details" page, it is not subscribed to the Policy, and therefore not liable in this action.

## DISCUSSION

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "allegations of a complaint are normally accepted as true on a motion to dismiss." DPWN Holdings (USA), Inc. v. United Air Lines, Inc., 747 F.3d 145, 151 (2d Cir. 2014). The Court, however, is not required to accept as true allegations that are incoherent,

4

contradicted by other statements in the complaint, or contradicted by documents that are integral to the complaint. See, e.g., In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 405-06 (S.D.N.Y. 2001).

The Insurers first argue that Rocha's complaint should be dismissed because it fails to sufficiently allege that he is an Insured Person, and that, in any event, the Court should not accept as true any of his allegations that he qualifies as an Insured Person because they are contradicted by the terms of the Development Officer Agreement. The Court disagrees. Rocha plausibly alleges that he qualifies as an Insured Person under the Policy by virtue of his employment as a "FIFA officer responsible for overseeing FIFA's development efforts in Central America." Compl. ¶ 6. The Court can easily infer that in this role, Rocha was, among other things, an "employee[] of [FIFA] while acting in a managerial or supervisory capacity" or a "general agent[]/representative[]" of FIFA and, therefore, qualifies as an Insured Person under the Policy. Policy § 1.3; Compl. ¶¶ 18, 20.

The Court accepts these allegations as true for the purposes of this motion to dismiss, despite the Insurers' contention that the terms of the Development Officer Agreement contradict Rocha's claims that he qualifies as an Insured Person. This Court previously considered the Development Officer Agreement in the context of Rocha's preliminary injunction, and found that Rocha had, in spite of the same language on which the Insurers rely here, demonstrated a likelihood of success and shown serious questions going to the merits on the issue of whether he qualifies as an Insured Person under the Policy. See Order Granting Prelim. Inj., dated Sept. 26, 2016, ECF No. 39. For the same reasons stated there, the Court concludes here that the terms of the Development Officer Agreement do not directly contradict or undermine, for the purposes of this motion, the truth of his allegations.

5

Rather than unequivocally undermining the truth of Rocha's allegations, the Insurers in essence raise a factual dispute that is not appropriate at the motion to dismiss stage. See DiBlasio v. Novello, 344 F.3d 292, 304 (2d Cir. 2003) ("[A] disputed issue of fact . . . is inappropriate to consider in the context of a Rule 12(b)(6) motion."); Yajure v. DiMarzo, 130 F. Supp. 2d 568, 571–72 (S.D.N.Y. 2001) ("The role of a district court in considering a motion to dismiss is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." (internal quotation marks and citation omitted)). That is, while the Court will consider the language of the Development Officer Agreement for the narrow purpose of determining whether to accept the allegations as true, it will not engage in weighing the competing evidence to determine the ultimate issue—whether Rocha is an Insured Person under the Policy. The Insurers raise a question for the fact-finder at a later stage of the litigation, and Rocha, having submitted a well-pleaded, plausible complaint, is entitled to get there.

The Insurers also argue that the claim should be dismissed as to AXIS Specialty Europe SE on the ground that it did not subscribe to the Policy, and is therefore not liable. That AXIS Specialty Europe SE is listed on the "Security Schedule" page of the Policy, but has been crossed out on the "Risk Detail" document, arguably casts doubt as to whether AXIS Specialty Europe SE did in fact subscribe to the Policy, but it does not directly contradict Rocha's allegations or compel the Court to refuse to accept the truth of Rocha's allegations.[4] Again, the Insurers have raised an issue of fact that must await resolution at a later stage of litigation, as discussed above.

---

[4] In the absence of a more complete evidentiary record, there are many uncertainties surrounding the "Risk Detail" document—including who crossed out Axis Specialty Europe SE, why it was crossed out, whether the document is binding, and whether it has been superseded by other documents. These uncertainties underscore the inappropriateness of rejecting Rocha's allegations that AXIS Specialty Europe subscribed to the Policy at this stage of the litigation.

In sum, the Court assumes the truth of the allegations in Rocha's complaint and concludes that he plausibly alleges that he is an Insured Person under the Policy and that AXIS Specialty Europe SE has subscribed to the Policy.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
October 13, 2016

s/ RJD

_____
RAYMOND J. DEARIE
United States District Judge