UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| JULIO ROCHA,<br><br>                         Plaintiff,<br><br>   -against-<br><br>CERTAIN UNDERWRITERS AT LLOYD'S,<br>LONDON, AXIS SPECIALTY EUROPE SE,<br><br>                        Defendants. | **DEFENDANTS' ANSWER TO THE COMPLAINT**<br><br>Case No. 16-cv-2327 (RJD) |

------------------------------------------------------------------x

Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and AXIS SPECIALTY EUROPE SE ("Defendants"), by their attorneys, Clyde & Co US LLP, as and for their Answer to Plaintiff Julio Rocha's Complaint ("Complaint"), state as follows:

## NATURE OF THE CASE

1. Defendants admit that Plaintiff brings an action for declaratory judgment and breach of contract against them in connection with his extradition and indictment, and refer all questions of law to the Court. Defendants deny that Plaintiff is entitled to any relief and otherwise deny the allegations of paragraph 1.

2. Defendants admit that the Indictment, Extradition Request, and FIFA Complaint allege that Plaintiff committed wrongful acts, but deny that the Indictment, Extradition Request, and FIFA Complaint allege that Plaintiff committed those wrongful acts in any official capacity at FIFA, and otherwise deny the allegations of paragraph 2.

3. Defendants admit that Certain Underwriters at Lloyd's, London subscribed to Directors and Officers Insurance Policy No. LI1413318 (the "Policy") issued in favor of the Federation Internationale de Football Association ("FIFA"), as the Named Insured, for the

effective period of December 30, 2014, to December 30, 2015, and refer the Court to the terms and conditions of the Policy. Defendants deny that the Policy provides coverage for Plaintiff and otherwise deny the allegations of paragraph 3.

4. Defendants admit that Plaintiff is defending the criminal action but otherwise deny having knowledge or information sufficient to formulate a response as to the allegations of paragraph 4.

5. Defendants deny the allegations of paragraph 5.

## THE PARTIES

6. Defendants deny having knowledge or information sufficient to formulate a response as to the allegations of paragraph 6.

7. Defendants admit that the Policy was subscribed to by Brit Syndicate No. 2987, QBE Syndicate No. 1886, Axis Syndicate No. 1686, Starr Financial Lines Consortium No. 9885, and Nexus Consortium No. 9860, and defendants admit to having done business in the state of New York. Defendants otherwise deny the allegations of paragraph 7.

8. Defendants admit that AXIS Specialty Europe SE is domiciled in Ireland. Defendants otherwise deny the allegations of paragraph 8.

## JURISDICTION AND VENUE

9. Defendants deny the allegations of paragraph 9, and refer all questions of law to the Court.

10. Defendants admit to having done business in the state of New York, and otherwise deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

## THE UNDERLYING INDICTMENT

12. Defendants admit the allegations of paragraph 12.

13. Defendants deny that the Indictment of May 20, 2015, alleged that Plaintiff was employed by or associated with FIFA, and otherwise admit the allegations of paragraph 13.

14. Defendants deny that the Indictment of May 20, 2015, is the operative charging document with respect to Plaintiff, as a Superseding Indictment was filed on November 25, 2015, and deny that the either the Indictment or Superseding Indictment assert that Plaintiff committed his alleged crimes in any capacity at FIFA. Defendants otherwise admit the allegations of paragraph 14.

15. Defendants deny having knowledge or information sufficient to form an opinion as to the allegations of paragraph 15.

16. Defendants admit that on March 15, 2016, FIFA filed a Victim Statement and Request for Restitution before the District Court seeking monetary damages from defendants, including Plaintiff, and otherwise deny the allegations of paragraph 16.

## THE D&O POLICY

17. Defendants refer the Court to the terms and conditions of the Policy, and otherwise deny the allegations of paragraph 17.

18. Defendants admit that the Policy provides coverage for Insured Persons, but deny that the allegations of paragraph 18 provide a complete and accurate description of the Policy, and refer the Court to the terms and conditions of the Policy. Defendants otherwise deny the allegations of paragraph 18.

19. Defendants admit that the Policy provides coverage for Insured Persons, but deny that the allegations of paragraph 19 provide a complete and accurate description of the Policy,

and refer the Court to the terms and conditions of the Policy. Defendants otherwise deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

**UNDERWRITERS' REFUSAL TO PROVIDE COVERAGE**

21. Defendants admit the allegations of paragraph 21.

22. Defendants admit the allegations of paragraph 22.

23. Defendants deny that Plaintiff provided all of the information requested by Defendants, and otherwise admit the allegations of paragraph 23.

24. Defendants deny that Plaintiff is entitled to coverage under the Policy, and otherwise deny the allegations of paragraph 24.

25. Defendants admit that Plaintiff made a demand for coverage under the Policy while the Policy was in force, but deny that Plaintiff is entitled to coverage under the Policy and otherwise deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

**THE COURT'S APRIL 27, 206 RULING IN LI V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL.**

27. Defendants admit the allegations of paragraph 27.

28. Defendants admit that, on April 27, 2016, the Court granted Plaintiff Eduardo Li's motion for a preliminary injunction and denied Defendants' motion to dismiss the Complaint filed in the case captioned *Eduardo Li v. Certain Underwriters at Lloyd's, London, et al.*, No. 15 cv. 06099 (RJD), but deny that the allegations of paragraph 28 provide a complete and accurate description of the Court's Memorandum and Order, deny that either Plaintiff or Mr. Eduardo Li are entitled to coverage under the Policy, and otherwise deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants admit that Plaintiff sent a letter to Defendants' counsel dated April 28, 2016, in which Plaintiff reiterated his request for coverage, but deny that Plaintiff is entitled to coverage and otherwise deny the allegations of paragraph 30.

## FIRST CAUSE OF ACTION

### (DECLARATORY RELIEF FOR DEFENSE AND INVESTIGATIVE COSTS)

31. Defendants incorporate and adopt by reference the preceding responses of their Answers to paragraphs 1 through 30 of the Complaint.

32. Defendants deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. The allegations of paragraph 34 call for a legal conclusion. Defendants refer any and all questions of law to the Court.

35. The allegations of paragraph 35 call for a legal conclusion. Defendants refer any and all questions of law to the Court.

36. Defendants admit that Plaintiff seeks a declaratory judgment but deny that Plaintiff is entitled thereto and otherwise deny the allegations of paragraph 36.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT)

37. Defendants incorporate and adopt by reference the preceding responses of the Answers to paragraphs 1 through 36 of the Complaint.

38. Defendants refer any and all questions of law to the Court, and otherwise deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

## JURY DEMAND

Defendants request a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

Defendants deny Plaintiff's entitlement to his requests for relief, including all subsections (a) through (d).

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction to hear Plaintiff's claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, unclean hands, and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the injury claimed by Plaintiff was caused in whole or in part by the culpable conduct and/or contributory negligence of Plaintiff, which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct and/or contributory negligence of the Plaintiff bears to the total responsibility for the occurrence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Any injuries or damages were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the answering Defendants have no control or right to exercise such control.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Complete relief cannot be accorded among those already parties to this action and in the alternative, the disposition of this action without the presence of additional, unnamed persons may result in Defendants being subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

If the Plaintiff has sustained any damages as alleged, which damages are expressly denied, such damages were not proximately caused by any act or omission of the Defendants.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Any award made to Plaintiff for the alleged injuries must be reduced in such proportion that the alleged injuries were caused, aggravated and contributed to by Plaintiff's failure to mitigate damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Answering Defendants are informed and believe, and on such information and belief allege, that the Policy at issue imposed upon Plaintiff the duty of good faith and fair dealing between them. Plaintiff has engaged in acts, omissions and conduct that constitute a breach of that duty, and which prevented the answering Defendants from performing their alleged obligations, if any, under the Policy.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that the answering Defendants have, to the extent applicable, fully performed all obligations allegedly required, if any, under the terms of the Policy.

**ADDITIONAL DEFENSES**

**AS AND FOR A FIRST DEFENSE**

This Court lacks jurisdiction over, and is the inappropriate forum for, the Complaint, pursuant to the Swiss choice of law and choice of forum clauses in Section 9 of the Policy.

**AS AND FOR A SECOND DEFENSE**

Plaintiff is not entitled to coverage under the Policy as Plaintiff does not qualify as an "Insured Person" as defined in Section 1.3 of the Policy.

**AS AND FOR A THIRD DEFENSE**

Plaintiff does not have any entitlement to defense costs under the Policy as the indictment by the Grand Jury for the Eastern District of New York is not an "investigative proceeding" under Section 2.4 of the Policy.

**AS AND FOR A FOURTH DEFENSE**

Plaintiff is not entitled to coverage of his extradition costs under the Policy as the Extradition Costs Extension in Section 1.10 of the Policy is not applicable.

**AS AND FOR A FIFTH DEFENSE**

Plaintiff is not entitled to coverage under the Policy based upon the exclusion for breaches of duty committed prior to January 1, 2005 and pending or prior litigation commenced before January 1, 2005, pursuant to Section 1.1 of the Policy.

## AS AND FOR A SIXTH DEFENSE

Plaintiff is not entitled to coverage under the Policy based upon the exclusion for willful misconduct pursuant to Section 3.1 of the Policy.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff is not entitled to coverage under the Policy pursuant to the exclusions set forth in Section 3.3.2 of the Policy.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff is not entitled to coverage under the Policy pursuant to the exclusion of coverage for losses and claims relating to the bankruptcy of the ISL Group under Section 3.6 of the Policy.

## AS AND FOR A NINTH DEFENSE

Plaintiff has erroneously named as a defendant AXIS Specialty Europe SE, which did not subscribe to the Policy at issue. The proper party to this case is AXIS Syndicate 1686, which subscribed to the Policy.

## AS AND FOR A TENTH DEFENSE

Should Plaintiff plead guilty to any criminal act or acts committed with a wrongful intent, or be found guilty of any criminal act or acts committed with a wrongful intent, Defendants have the right to recoup any defense costs paid to Plaintiff, either from Plaintiff or Plaintiff's attorneys, pursuant to Section 3.1 of the Policy.

Defendants reserve their right to amend their Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

**WHEREFORE,** Defendants pray for judgment as follows:

(a) That Plaintiff takes nothing by way of his Complaint and that each cause of action against Defendants be dismissed;

(b) For attorneys' fees, costs and disbursements;

(c) For costs of suit incurred herein; and

(d) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 28, 2016

Respectfully submitted,

CLYDE & CO US LLP

*s/ Michael A. Knoerzer*
Michael A. Knoerzer
Simone Bonnet
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Phone: (212) 710-3900
Fax: (212) 710-3950
Email: michael.knoerzer@clydeco.us
           simone.bonnet@clydeco.us

*Attorneys for Defendants Certain Underwriters at Lloyd's, London and Axis Specialty Europe Se*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JULIO ROCHA,                                    **CERTIFICATE OF SERVICE**

                 Plaintiff,      Case No. 16-cv-2327 (RJD)

    -against-

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, AXIS SPECIALTY EUROPE SE,

                Defendants.

-------------------------------------------------------------------x

     I hereby certify that on October 28, 2016, I electronically filed the foregoing **DEFENDANTS' ANSWER TO THE COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Alexander David Hardiman
Janine Stanisz
Joseph D. Jean
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036
Telephone: 212-858-1000
Fax: 212-881-9476
Email: alexander.hardiman@pillsburylaw.com
Email: janine.stanisz@pillsburylaw.com
Email: joseph.jean@pillsburylaw.com

                                            *s/ Amanda Mavrogiannis*
                                            Amanda Mavrogiannis
                                            CLYDE & CO US LLP
                                            The Chrysler Building
                                            405 Lexington Avenue, 16th Floor
                                            New York, New York 10174
                                            (212) 710-3900